**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus OCHOA–FABIAN, a/k/a Jose Jesus Fabian–Ochoa,
Defendant–Appellant.**

No. 89–2283.

United States Court of Appeals,
Tenth Circuit.

June 10, 1991.

Rehearing Denied Aug. 23, 1991.

William D. Fry, Asst. Federal Public Defender, Las Cruces, N.M., for defendant-appellant.

James Murphy, Asst. U.S. Atty., (Rhonda P. Backinoff, Asst. U.S. Atty. and William L. Lutz, U.S. Atty., with him on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before BALDOCK and BRORBY, Circuit Judges, and FINESILVER, District Judge.[1]

SHERMAN G. FINESILVER, Chief Judge.

The appellant, Jesus Ochoa–Fabian, appeals his conviction and prison sentence on a one-count indictment for unlawfully and intentionally possessing with the intent to distribute more than 100 kilograms of marijuana, a schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Appellant argues that his conviction was the result of an improper jury instruction. He also takes exception to the district court's application of the United States Sentencing Commission Guidelines relating to the acceptance of responsibility of a convicted offender. We AFFIRM.

## I.

Appellant was charged in a one-count indictment together with two codefendants, Jose Daniel Gazes–Grajales and Victoriano Diaz–Olivas, with violations of the noted federal drug statutes. We are solely concerned with the disposition of appellant's case.

At a jury trial, four witnesses were called by the government. Of current import was the testimony of Agent Michael Dalton of the United States Border Patrol, Agent Charles Justice of the United States Border Patrol, and Agent Richard Sanders of the United States Drug Enforcement Agency. Agent Dalton testified that on March 3, 1989, appellant entered the Border Patrol checkpoint located on Interstate 10 at approximately 7:35 p.m. He was

1. The Honorable Sherman G. Finesilver, Chief United States District Judge for the District of Colorado, sitting by designation.

driving a 1979 Ford pickup truck with a camper shell attached. The codefendants were passengers in the vehicle.

Agent Dalton detected a strong odor of perfume or deodorant which he believed was used to mask the odor of marijuana. Upon questioning, appellant stated that he was coming from El Paso, Texas, and going to California to seek employment. Agent Dalton noted that the bed of the pickup was freshly carpeted, containing only a spare tire and a six-pack of beer. When he saw no luggage in the vehicle and realized that Gazes–Grajales did not have a permit to travel more than twenty-five miles from the border, he became "very suspicious." Agent Dalton asked for and received permission to walk a drug-sniffing dog around the vehicle.

Agent Justice, a trained dog handler, testified that he brought a drug-sniffing dog to the pickup. Through appropriate activity, the dog indicated to Agent Justice that illicit drugs were hidden in the vehicle. After peeling back a bit of the carpet, Agent Justice found a compartment which contained marijuana. The three occupants of the vehicle were formally arrested.

Agent Sanders testified that he interviewed the three individuals at the scene. They indicated that they had met at a bar in Juarez, Mexico, and decided appellant and Diaz–Olivas would travel with Gazes–Grajales to Arizona. Gazes–Grajales would stay in Arizona while the others would proceed to California. Agent Sanders stated that appellant's lack of nervousness at the checkpoint was suspicious.

At the close of testimony, the government submitted a "deliberate ignorance" instruction. Despite appellant's objection, the instruction was read to the jury. It stated,

"[t]he element of knowledge may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise be obvious to him. A finding beyond a reasonable doubt of a conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact. The required knowledge is established if the defendant is aware of a high probability of the existence of the fact in question unless he actually believes it does not exist. It is entirely up to you as to whether you find any deliberate closing of the eyes, and the inference to be drawn from any such evidence. A showing of negligence or mistake is not sufficient to support a finding of willfulness or knowledge."

The jury returned a verdict of guilty as to Ochoa–Fabian.

Appellant had maintained his innocence throughout the trial preparation and immediately after his conviction. He ultimately wrote a letter to the trial judge admitting his guilt. The United States Probation Department stated in the Presentence Report that appellant had not accepted responsibility for the offense and was not entitled to a downward departure under § 3E1.1 of the Sentencing Guidelines. Based upon an offense level of twenty-six, the applicable guideline range was sixty-three to seventy-eight months.

The court declined to grant the appellant a downward departure for acceptance of responsibility. Appellant was sentenced to sixty-three months in prison, followed by four years of supervised release.

## II.

 The purpose of a deliberate ignorance instruction is to alert the jury that the avoidance of knowledge of particular facts may circumstantially show that the avoidance was motivated by sufficient guilty knowledge to satisfy the specific criminal statute. *United States v. Manriquez Arbizo*, 833 F.2d 244, 248 (10th Cir. 1987). This type of instruction may be given when the evidence points to deliberate ignorance and conscious avoidance of actual knowledge. *United States v. Glick*, 710 F.2d 639, 642 (10th Cir.1983), *cert. denied*, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984).

 Sufficient evidence was offered at trial to support the court's instruction.

While a deliberate ignorance instruction is not appropriate when the evidence points solely to direct knowledge, where, as here, the evidence supports both actual knowledge and deliberate ignorance, the instruction is properly given. *Arbizo*, 833 F.2d at 249. Our opinion in *United States v. Ashby*, 864 F.2d 690 (10th Cir.1988), *cert. denied*, ─── U.S. ───, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990), a case remarkably similar to the instant one, offers guidance on this issue. In *Ashby*, we held that the smell of marijuana in a car and the recovery of marijuana from the trunk of the automobile created sufficient belief that the lack of knowledge may have been deliberate. *Ashby*, 864 F.2d at 694. Considering the strong similarity between these cases, we believe that the trial court did not err in giving this instruction.

■ The preferable form of such instruction informs the jury that the required knowledge is established if the accused is aware of a high probability of the existence of the fact in question, unless he actually believes it does not exist. *Id.* at 643. The tendered instruction satisfies this standard. The actual verbiage of this standard was included directly in the text. Furthermore, the instruction appropriately prevented the conviction of a defendant that did not have guilty knowledge. *Arbizo*, 833 F.2d at 248. We are persuaded that reading this instruction to the jury was appropriate.

### III.

■ Construction of the United States Sentencing Guidelines is a question of law subject to plenary review. *United States v. Walker*, 931 F.2d 631, 634 (10th Cir. 1991); *United States v. Backas*, 901 F.2d 1528 (10th Cir.), *cert. denied*, ─── U.S. ───, 111 S.Ct. 190, 112 L.Ed.2d 152 (1990). Under United States Sentencing Guideline § 3E1.1, a defendant may receive an offense level reduction of two levels if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." The Sentencing Guidelines Commission has recognized that the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, necessitating that his determination be entitled to great deference on review. U.S.S.G. § 3E1.1., comment. (n. 5). Hence, in reviewing the trial court's decision not to grant the defendant a downward departure under this guideline, we apply the clearly erroneous standard. *United States v. Ross*, 920 F.2d 1530, 1537 (10th Cir.1990); *United States v. Spedalieri*, 910 F.2d 707, 712 (10th Cir. 1990).

■ The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a reduction of the offense level for acceptance of responsibility. *United States v. Whitehead*, 912 F.2d 448, 450 (10th Cir.1990); *United States v. Wach*, 907 F.2d 1038, 1040 (10th Cir.1990); *United States v. Trujillo*, 906 F.2d 1456, 1460 (10th Cir.), *cert. denied*, ─── U.S. ───, 111 S.Ct. 396, 112 L.Ed.2d 405 (1990); *United States v. Rogers*, 899 F.2d 917, 924 (10th Cir,), *cert. denied*, ─── U.S. ───, 111 S.Ct. 113, 112 L.Ed.2d 83 (1990). Combining this burden with the application of the clearly erroneous standard, the trial court's assessment is entitled to deference by the appellate court and will generally be sustained. *Whitehead*, 912 F.2d at 451; *Trujillo*, 906 F.2d at 1460; *see United States v. Johnson*, 911 F.2d 1394, 1402 (10th Cir.1990), *cert. denied*, ─── U.S. ───, 111 S.Ct. 761, 112 L.Ed.2d 781 (1991).

■ The district court has substantial discretion on the issue of timeliness of the acceptance of responsibility. *Trujillo*, 906 F.2d at 1461. The trial court's decision that appellant's effort to accept responsibility after trial was untimely is well-founded. *United States v. Pelayo–Munoz*, 905 F.2d 1429, 1431 (10th Cir.1990). The Sentencing Commission recognized that this guideline was not intended to apply to a defendant that puts the prosecution to its burden of proof at trial by denying the essential elements of the offense, is convicted, and post-trial admits guilt and expresses remorse. U.S.S.G. § 3E1.1, comment. (n. 2). In fact, the sentencing judge recognized this premise when he indicated that "I'm troubled that defense counsel seems to suggest that somebody can go to trial, put the government to the expense of trial and

then somehow or other contend that they're admitting responsibility." Transcript at 195. Appellant's eleventh hour attempt to accept responsibility brought into question whether he manifested a true remorse for his criminal conduct. *United States v. Wach*, 907 F.2d 1038, 1040 (10th Cir.1990). We cannot say that the sentencing court's decision to decline appellant's late acceptance of responsibility and afford him a downward adjustment was clearly erroneous. *Id.* That court is in a better position than the appellate court to weigh the defendant's sincerity of remorse and contrition.

## IV.

For the foregoing reasons, we AFFIRM the sentence and judgment of the district court.