959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Phillip BURTON, also known as Bennie Phillip Burton,
Defendant/Appellant.
 No. 90-6413.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 1
 Before LOGAN and McWILLIAMS, Circuit Judges, and SPARR, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 SPARR, District Judge.
 
 
 4
 Defendant-appellant, Bennie Phillip Burton, pled guilty to a one-count superseding information for conspiracy to possess with intent to distribute 4.9 kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and § 846. Burton appeals his one hundred and fifty one (151) month sentence pursuant to 18 U.S.C. § 3742(a)(2), arguing that: (1) the district court erred in finding the total amount of cocaine involved was over fifteen (15) kilograms; (2) the district court erred in not granting him a two-point reduction in his base offense level for acceptance of responsibility; and (3) the district court erred in not granting him a downward departure based on diminished capacity. We affirm.
 
 I.
 
 5
 Burton pled guilty to conspiracy to possess with intent to distribute. 21 U.S.C. § 841(a)(1), § 846. The superseding information specifically named Lee Kettner as a co-conspirator. Burton argues on appeal that the 3.85 kilograms of cocaine attributable to Kettner should not have been included in the calculation of Burton's base offense level. Burton also argues that the quantity of drugs used to calculate his base offense level was not proved by a preponderance of the evidence.
 
 
 6
 For sentencing purposes, the district court's findings about the quantity of drugs implicated by the crime are factual findings reviewed under the clearly erroneous standard. United States v. Coleman, 947 F.2d 1424, 1427 (10th Cir.), petition for cert. filed, (U.S. Jan. 9, 1992) (No. 91-6946); United States v. Padilla, 947 F.2d 893, 896 (10th Cir.1991); United States v. Poole, 929 F.2d 1476, 1483 (10th Cir.1991); United States v. Trujillo, 906 F.2d 1456, 1460 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 396 (1990).
 
 
 7
 In order to impose a sentence based on a quantity of drugs, the district court's factual findings must be based on a preponderance of the evidence. United States v. Molina-Cuartas, 952 F.2d 345, ----; No. 90-2292 slip op., 1991 U.S.App. LEXIS 29582, 1991 WL 269830 (10th Cir. Dec. 20, 1991); United States v. Ross, 920 F.2d 1530, 1538 (10th Cir.1990). The district court's findings of the quantity of drugs must be upheld where there is factual support in the record and the appellate court is not "left with the definite and firm conviction that a mistake was made." Molina-Cuartas, 952 F.2d at ----; No. 90-2292, slip op. at 9-10, 1991 U.S.App. LEXIS at *12, 1991 WL at *r; United States v. Donaldson, 915 F.2d 612, 614 (10th Cir.1990). In general, a trial court may use estimates based on information with a minimum indicia of reliability in calculating drug quantities for sentencing purposes. Coleman, 947 F.2d at 1428.
 
 
 8
 In determining the base offense level for a drug offense under the Sentencing Guidelines, the sentencing court may consider "the total quantity of drugs that were part of the same course of conduct or part of a common scheme or plan as the count of conviction." Coleman, 947 F.2d at 1427, quoting Poole, 929 F.2d at 1483. Quantities of drugs involved in a crime but not contained in the count of conviction may also be considered in determining the base offense level. United States Sentencing Commission, Guidelines Manual, § 2D1.1 comment. (n. 12) (Nov. 1989); United States v. Ware, 897 F.2d 1538, 1542-43 (10th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 2629 (1990). A member of the ongoing conspiracy is subject to a sentence calculated on a base offense level determined not by the quantity of drugs he personally handled, but by the actual quantity of drugs involved in the conspiracy provided he knew or should have known that at least such amount was involved. United States v. Williams, 897 F.2d 1034, 1041 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2064 (1990).
 
 
 9
 At the sentencing hearing on December 7, 1991, the United States presented evidence as to Burton's association with Kettner and the quantity of cocaine attributable to Burton. Testimony at the sentencing hearing indicated that Bob Ford, Sr. and Connie Ford had been distributing cocaine to several individuals, including Kettner and Burton. The evidence indicated that Burton and Kettner were both involved in distributing cocaine in the Wichita, Kansas area. Burton admitted to trading cocaine back and forth with Kettner. Burton had received cocaine from Kettner in the past, but in more recent years Burton received cocaine from the Fords and distributed it to Kettner, who then sold it to his customers. Because Kettner began having financial problems, Burton became financially responsible to the Fords for some of Kettner's drug debts. Burton and Kettner were arrested together while attempting to acquire twenty (20) ounces of cocaine. Burton pled guilty to a conspiracy charge that specifically involved Kettner.
 
 
 10
 Connie Ford testified at the sentencing hearing regarding the written records she kept of the quantities of cocaine received by Burton. Her records indicated that 11.6 kilograms had been distributed to Burton. She testified as to how she acquired and maintained the information in her records and what her codes meant. Although there was other evidence that conflicted with Connie Ford's records, the district court found her to be a "very credible witness" and had "no reason at all to doubt her testimony." (Transcript of sentencing hearing p. 112). The district court found that Connie Ford kept precise and contemporaneous records and that "her memory was very good in regard to the transactions." (Transcript of sentencing hearing p. 112).
 
 
 11
 After considering the evidence, the district court ruled on Burton's objections to the presentence report. The district court determined that there was sufficient evidence to show that the total amount of cocaine for which Burton could be held responsible for the purpose of determining his base offense level exceeded fifteen (15) kilograms. The district court included both the 3.85 kilograms of cocaine distributed to Kettner and the 11.6 kilograms of cocaine that were reflected in Connie Ford's records.
 
 
 12
 We find that the evidence was sufficiently reliable for the district court to find by a preponderance of the evidence that the amount of cocaine attributable to Burton for purposes of determining his base offense level exceeded fifteen (15) kilograms. There is sufficient factual support in the record for the district court's finding that the 3.85 kilograms of cocaine attributable to Kettner could be included in the calculation of Burton's base offense level. After having the opportunity to assess firsthand Connie Ford's demeanor on cross-examination by defense counsel, the district court specifically found her "very credible." Due deference must be given to the district court's assessment of credibility of the witnesses unless clearly erroneous. United States v. Whitehead, 912 F.2d 448, 451 (10th Cir.1990). Because the record contains sufficient factual support for the district court's finding of the quantity of drugs, the district court's finding was not clearly erroneous.
 
 II.
 
 13
 Although Burton pled guilty to a conspiracy charge that specifically alleged the amount of 4.9 kilograms of cocaine, the presentence report reflected that he only admitted to conspiring to distribute three (3) kilograms of cocaine. The district court concluded that "acceptance of responsibility takes a higher degree of cooperation and admission than has been forthcoming from the Defendant," and declined to grant Burton a two-point reduction in his base offense level for acceptance of responsibility.
 
 
 14
 The United States Sentencing Guidelines provide for a two-point reduction in offense level "[I]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1 (Nov. 1989). The defendant bears the burden of proving his entitlement to this reduction by a preponderance of the evidence. United States v. Ruth, 946 F.2d 110, 113 (10th Cir.), petition for cert. filed, (U.S. Nov. 8, 1991) (No. 91-6381); United States v. Ochoa-Fabian, 935 F.2d 1139, 1142 (10th Cir.), petition for cert. filed, (U.S. Nov. 7, 1991) (No. 91-6905); Whitehead, 912 F.2d at 450; United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir.1990); United States v. Wach, 907 F.2d 1038, 1040 (10th Cir.1990).
 
 
 15
 The Sentencing Guidelines Commission has recognized that the sentencing court is in a unique position to evaluate a defendant's acceptance of responsibility. U.S.S.G. § 3E1.1 comment. (n. 5). For this reason, the determination of the sentencing court is entitled to great deference on review and should not be disturbed unless it is without foundation. U.S.S.G. § 3E.1 comment. (n. 5). We review the acceptance of responsibility determination as a question of fact under the clearly erroneous standard. United States v. Dennison, 937 F.2d 559, 566 (10th Cir.), cert. denied, 112 S.Ct. 886 (1992); Ochoa-Fabian, 935 F.2d at 1142; Ross, 920 F.2d at 1537; Spedalieri, 910 F.2d at 712. Combining the defendant's burden of proof with the clearly erroneous standard of review, the judgment of the sentencing court will nearly always be sustained. Ochoa-Fabian, 935 F.2d at 1142; Whitehead, 912 F.2d at 451; Trujillo, 906 F.2d at 1460.
 
 
 16
 Here, although Burton pled guilty to conspiracy to possess with intent to distribute 4.9 kilograms of cocaine, he did not acknowledge personal responsibility for any more than three (3) kilograms of cocaine. Burton equates admission of the offense with acceptance of responsibility, but the two are not the same. Spedalieri, 910 F.2d at 712. Burton's refusal to admit involvement with any more than three (3) kilograms of cocaine does not demonstrate sincere contrition or evidence affirmative acceptance of responsibility for his criminal conduct. We cannot say that the district court was clearly erroneous in declining to reduce Burton's base offense level for acceptance of responsibility, particularly in light of Burton's burden of proof on this issue. Therefore, we affirm the district court's denial of a two-point reduction for acceptance of responsibility.
 
 III.
 
 17
 Burton conceded at oral argument that the discretionary failure to depart downward from the Sentencing Guidelines is not subject to appellate review under 18 U.S.C. § 3742. See United States v. Munoz, 946 F.2d 729, 730-31 (10th Cir.1991); United States v. Soto, 918 F.2d 882, 883 (10th Cir.1990); United States v. Richardson, 901 F.2d 867, 870 (10th Cir.1990); United States v. Davis, 900 F.2d 1524, 1528-30 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 155 (1990).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Daniel B. Sparr, United States District Judge for the District of Colorado, sitting by designation