968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry D. OWSLEY, Defendant-Appellant.
 No. 91-3353.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Larry D. Owsley was convicted, after a jury trial, of eight counts of bank fraud in violation of 18 U.S.C. § 1344 (1988) and one count of false statement to a federally insured institution in violation of 18 U.S.C. § 1014. He appeals three of the bank fraud convictions, arguing on appeal that the evidence was insufficient to sustain the convictions. He also appeals the district court's refusal to grant him a two point reduction in his base offense level for acceptance of responsibility under the United States Sentencing Commission's Guidelines Manual (hereinafter "Guidelines"). After reviewing the record, we affirm.[1]
 
 
 3
 Throughout the period relevant to his conviction, Larry Owsley built homes in Liberal, Kansas. He also owned several restaurant franchises. In each of the counts from which he appeals, Mr. Owsley sold a home and actively helped the purchaser obtain financing from the Colonial Savings Association of America, Liberal, Kansas. In that context, Mr. Owsley was personally involved in preparation of all loan related documents, including employment verification forms.
 
 
 4
 The government's evidence at trial established that Mr. Owsley signed and submitted documents to the bank that contained various misrepresentations. Specifically, as to counts one and two, the government presented evidence that Mr. Owsley submitted false contract loan payout schedules ("sweat equity"), loan applications, and employment verifications. Indeed, Mr. Owsley's brief on appeal concedes as much. See Opening Brief at 2, 3, and 6. With regard to count twelve, the government presented evidence that Mr. Owsley falsely inflated the purchase price in the documents supporting the loan. While Mr. Owsley argues on appeal that there were extras added to the house, he never argues that these extras made his represented purchase price accurate. Id. at 9. We conclude that a reasonable jury could have found this defendant guilty beyond a reasonable doubt on all three of the counts from which he appeals. See United States v. Ratchford, 942 F.2d 702, 703 (10th Cir.1991), cert. denied, 112 S.Ct. 1185 (1992).
 
 
 5
 Mr. Owsley urges us to reverse the district court's refusal to grant him a two point offense level reduction for acceptance of responsibility. We review the district court's decision not to grant the reduction under the clearly erroneous standard. See United States v. Dennison, 937 F.2d 559, 566 (10th Cir.1991), cert. denied, 112 S.Ct. 886 (1992). The court's decision accords with the intention of the Sentencing Commission.
 
 
 6
 The Sentencing Commission recognized that this guideline was not intended to apply to a defendant that puts the prosecution to its burden of proof at trial by denying the essential elements of the offense, is convicted, and post-trial admits guilt and expresses remorse.
 
 
 7
 United States v. Ochoa-Fabian, 935 F.2d 1139, 1142 (10th Cir.1991), cert. denied, 112 S.Ct. 1565 (1992); see Guidelines, § 3E1.1, App. Note 2. As a result, Mr. Owsley has not persuaded us that the district court was clearly erroneous when it denied him a two point reduction.
 
 
 8
 The decision of the district court is AFFIRMED in all respects. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Neither party's appendix manifests the kind of care that should be paid to such a vital part of the appeal. Both parties have submitted excerpts of trial transcript that are not plainly labelled and that do not adhere to any logical pattern; it is often impossible to tell which witness is testifying on a given page. In all cases, but even more emphatically in a case involving a sufficiency challenge, it is the responsibility of the parties to create for the court a record that provides the information necessary to decide the appeal