999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lenanier BROWN, a/k/a Lola Mae Washington, Defendant-Appellant.
 No. 91-6366.
 United States Court of Appeals, Tenth Circuit.
 June 29, 1993.
 
 1
 Before TACHA and EBEL, Circuit Judges, and O'CONNOR, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 EARL E. O'CONNOR, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 5
 Defendant Brown was indicted with several others for her participation in a conspiracy that trafficked cocaine for distribution from California to Oklahoma City, Oklahoma. The defendant was convicted by a jury of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and use of a telephone to facilitate conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 843(b). The defendant was sentenced to a term of imprisonment of 235 months for violation of sections 841(a)(1) and 846, along with a concurrent sentence of 48 months for violation of section 843(b); five years supervised release; and a $50.00 special assessment on each count. The defendant appeals her convictions and sentence pro se. The defendant's attorney has moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).
 
 
 6
 Brown's first contention on appeal is that the district court failed to determine at sentencing the amount of drugs for which she would be held responsible under the United States Sentencing Guidelines. This argument is without merit; review of the sentencing transcript reveals that the district court carefully considered the quantity of cocaine involved. When at the initial sentencing proceeding there appeared some uncertainty as to the amount of cocaine that could be connected to the defendant, the district court recessed the proceeding, giving counsel time to investigate the issue. A week later, the court reconvened the sentencing and was advised by counsel for the government and the defendant that counsel were now in agreement that the defendant was responsible for at least 151.5 grams of cocaine, but less than 500 grams, and that whatever the exact amount, the applicable guideline range would be unaffected. The court accepted this resolution and the defendant was sentenced within the applicable range. We find no error.
 
 
 7
 The defendant also argues that the presentence report erroneously reported the amount of cocaine discussed when Patsy Cudjo telephoned the defendant and told her that she (Cudjo) had sold 2.5 ounces of crack cocaine and would need an additional 2.5 ounces of cocaine. The defendant contends that the report should have stated 1 ounce instead of 2.5 ounces. At the sentencing proceeding, counsel for the defendant stated that the amount referenced in that portion of the presentence report would not affect the applicable guideline range because the referenced quantity, whether 1 ounce or 2.5 ounces, was part of a larger quantity being taken into account elsewhere in the report. As stated before, counsel agreed as to the applicable guideline range for the quantity involved and the defendant was sentenced accordingly. We find no error.
 
 
 8
 The defendant asserts a violation of the McNabb-Mallory doctrine, which provides "that federal courts in their supervisory power over the administration of justice in the federal arena must exclude confessions obtained during a period of undue delay in bringing the defendants before a magistrate." United States v. Torres, 663 F.2d 1019, 1023 (10th Cir.1981) (citing McNabb v. United States, 318 U.S. 332 (1943), and Mallory v. United States, 354 U.S. 449 (1957)), cert. denied, 456 U.S. 973 (1982). The admissibility of confessions is covered by statute at 18 U.S.C. § 3501(a). The defendant did not make a confession. Moreover, the defendant alleges no delay in being brought before a magistrate. We find no error.
 
 
 9
 Finally, the defendant states in her brief that "an appealing party is entitled to a Statement of Facts." In support of her argument, the defendant cites two Texas cases, Wolters v. Wright, 623 S.W.2d 301 (Tex.1981), and Walter v. O'Rear, 472 S.W.2d 789 (Tex.Ct.App.1971). In both cases, the official record of the trial was lost, so that the appealing party was unable to provide a statement of facts to the appellate court. The authority does not apply here.
 
 
 10
 Defense counsel's Anders brief raises six arguments on behalf of the defendant. Our task is to determine whether any of these points are arguable on their merits (and therefore not frivolous). See Anders, 386 U.S. at 744. If this court deems the appeal wholly frivolous, we may dismiss the appeal and grant counsel's motion to withdraw. If, on the other hand, we find any of the legal points arguable on their merits, we must, prior to the decision, afford the defendant assistance of counsel to argue the appeal. Id.
 
 
 11
 Defendant (by way of counsel's Anders brief) argues that the district court erred in permitting her husband (Raymond Johnson) to testify against her. Defendant did not object to the testimony at trial. The privilege against adverse spousal testimony, which previously barred testimony by one spouse against the other absent mutual consent, was modified by the Supreme Court in Trammel v. United States, 445 U.S. 40 (1979). Now, "the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying." Id. at 53. The defendant's husband chose to testify against her, waiving any spousal privilege.
 
 
 12
 The defendant's second contention is that the government breached a duty to disclose that her hsuband had not finalized their divorce, thereby leading defendant to erroneously believe that she and Johnson were legally divorced. Presumably, defendant's point is that she would have objected to the testimony had she known Johnson was still her husband. As previously discussed, any marital privilege was waived when Johnson voluntarily testified against the defendant. As defendant could not have prevented her husband's testimony, the fact she was unaware of their marital status could not have caused her any prejudice.
 
 
 13
 Defendant's third contention is that she was not allowed to present evidence as to her mental competence to stand trial. Prior to trial, the district court granted the defendant's motion to determine mental competency. Following an evaluation and based upon the report of that evaluation, the court found that the defendant was competent to stand trial and that there was no evidence tending to demonstrate that she was incompetent. The court denied the defendant's motion for a competency hearing. "In reviewing whether a district court should have held a competency hearing, we must review 'whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial.' " United States v. Crews, 781 F.2d 826, 833 (10th Cir.1986) (quoting de Kaplany v. Enomoto, 540 F.2d 975, 983 (9th Cir.1976) (en banc), cert. denied, 429 U.S. 1075 (1977)). "To raise a substantial question requiring a competency hearing there must be some evidence to create doubt on the issue. Merely raising the issue is insufficient." Crews, 781 F.2d at 833. The district court found that there was no evidence tending to demonstrate that the defendant was incompetent to stand trial. We find nothing in the record to suggest this ruling was in error.
 
 
 14
 Defendant's next argument is that the trial court erred at sentencing by not determining the point at which she entered into the conspiracy. Defendant contends that the district court should have made this finding in order to determine the quantity of cocaine that could be connected to her. As we have previously discussed, the amount of cocaine attributable to the defendant was carefully reviewed by the district court and was the subject of an agreement between counsel as to the applicable guideline range. The district court was not asked to determine the point at which the defendant became involved in the conspiracy, and had no reason to do so under the circumstances.
 
 
 15
 In her fourth argument, defendant contends that the district court erred at sentencing in finding that she was not entitled to a downward adjustment for acceptance of responsibility. "[T]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, necessitating that his determination be entitled to great deference on review." United States v. Ochoa-Fabian, 935 F.2d 1139, 1142 (10th Cir.1991), cert. denied, 112 S.Ct. 1565 (1992). We review the trial court's decision not to grant a downward adjustment under the clearly erroneous standard. Id. There is no evidence in the record that the defendant accepted personal responsibility for her criminal conduct, and therefore nothing to suggest that the ruling was clearly erroneous.
 
 
 16
 Defendant's final argument is that the trial court erred at sentencing in denying a downward adjustment for her role in the criminal activity. In determining whether a defendant played a minor or minimal role in accomplishing the harm involved in drug offenses, a sentencing court should consider the defendant's role in all distributions which are part of the same pattern of conduct. United States v. Riles, 928 F.2d 339, 343 (10th Cir.1991). Since this issue requires an analysis of the facts, we " 'give due deference to the district court's application of the guidelines to the facts,' 18 U.S.C. 3742(e), and review the determination to decide whether it is 'clearly erroneous.' " Id. (quoting United States v. Roberts, 898 F.2d 1464, 1468-69 (10th Cir.1990). The evidence before the district court clearly showed the defendant to be actively involved in Raymond Johnson's criminal enterprise. Based upon that evidence, we could not find the refusal to grant a downward adjustment clearly erroneous.
 
 
 17
 In conclusion, we find the arguments raised in counsel's Anders brief to be frivolous. Accordingly, counsel's motion to withdraw is GRANTED. The defendant's request for additional time to file a response and for the appointment of another attorney is DENIED.
 
 
 18
 The defendant's convictions and sentence are AFFIRMED.
 
 
 
 *
 The Honorable Earl E. O'Connor, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3