9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lester Shawn REX, Defendant-Appellant.
 No. 93-1114.
 United States Court of Appeals, Tenth Circuit.
 Oct. 29, 1993.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 The Appellant, Lester Rex, was convicted of violating nine counts of 18 U.S.C. 1343 and 2. Appellant engaged in and aided and abetted others engaged in a telemarketing fraud scheme. Appellant initially cooperated with the government. He testified before the grand jury as to the activities of the businesses with which he was involved and signed statements implicating himself and others involved in the telemarketing scheme. At some point, the cooperation between Appellant and the government broke down and Appellant ceased to cooperate.
 
 
 3
 At sentencing Appellant received a two-point offense level reduction for acceptance of responsibility, but was denied an additional one point reduction for "timely providing complete information to the government concerning his own involvement in the offense." U.S.S.G. 3E1.1(b)(1). Appellant appeals the district court's denial of the one point reduction.[2]
 
 
 4
 We review the decision to deny the one-point offense level reduction under the clearly erroneous standard. "The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a reduction of the offense level for acceptance of responsibility. Combining this burden with the application of the clearly erroneous standard, the trial court's assessment is entitled to deference by the appellate court and will generally be sustained." U.S. v. Ochoa-Fabian, 935 F.2d 1139, 1142 (10th Cir.1991), cert. denied, 112 S.Ct. 1565 (1992).
 
 
 5
 Appellant challenges the district court's application of Sentencing Guideline 3E1.1. To receive a one-point offense level reduction 3E1.1(b)(1) requires that the Appellant "timely provid[e] complete information to the government concerning his own involvement in the offense ..." The district court denied the Appellant's request for an additional one-point offense level reduction after finding that Appellant "provided some information, but [ ] not complete information." Appellant Br., Attachment C at 19. Although Appellant asserts that the trial court denied the one point reduction because Appellant refused to testify against other members of the telemarketing scheme, there is no evidence in the record that the judge relied on that fact. In fact, the record shows that Appellant did not give the government complete information. For example, a government agent testified that the Appellant failed to produce a box of company documents that he previously had agreed to give to the government.
 
 
 6
 Moreover, prior to trial, Appellant told the government that he used an alias, Bob Ryan, when conducting the telemarketing scheme. However, Appellant's defense at trial was that he was not Bob Ryan. Appellant Br., Attachment C at 14. Thus, Appellant called into question the information he did provide to the government.[3]
 
 
 7
 Finally, Appellant is mistaken in his understanding of what constitutes complete information when one is charged with aiding and abetting others to commit unlawful acts. Complete information about the Appellant's own conduct will generally require him to reveal information about the conduct of those whom he aided and abetted.
 
 
 8
 The District Court's decision is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 The appellant listed the following issues in his docketing statement:
 
 
 [1]
 Failure of Court to reduce the offense level additional one point pursuant to 3E1.1(1)
 
 
 [2]
 Failure of Trial Court to reduce offense level pursuant to role in the offense, Section 3B1
 
 
 [3]
 Failure of Court to allow alias evidence made by Rex without the benefit of Miranda and subject to custodial interrogation
 
 
 [4]
 Failure to give Defendant's tendered jury instructions
 
 
 [5]
 Failure to grant Defendant's Motion of Judgment of Acquittal
 Because Appellant failed to brief issues numbered two through five, we do not consider these issues to have been raised on appeal. American Airlines v. Christensen, 967 F.2d 410, 415 (10th Cir.1992).
 
 
 [3]
 Appellant's Motion to Supplement the Record is denied. Even if Appellant's grand jury testimony reveals additional information that Appellant gave to the government, the additional information cannot outweigh the fact that the record shows that information was not provided