UNITED STATES of America, Plaintiff,

v.

Gary Joseph BINDLEY, Defendant.

No. 96–40049–03–RDR.

United States District Court,
D. Kansas.

July 29, 1997.

William K. Rork, Rork Law Office Topeka, KS, for defendant.

Randy M. Hendershot, Office of U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

The defendant was convicted by a jury of armed bank robbery, use of a Firearm during and in relation to a crime of violence, and conspiracy to commit bank robbery. On July 28, 1997, the court sentenced the defendant. The purpose of this memorandum and order is to memorialize and elaborate on the rulings made by the court during the sentencing hearing.

The defendant raised four objections to the presentence report. He also filed a motion for downward departure. Two of the objections related to the same issue: whether the defendant is entitled to a reduction of his offense level for acceptance of responsibility. One of the objections seeks the same relief as the motion for downward departure.

ACCEPTANCE OF RESPONSIBILITY

The defendant contended he is entitled to a three level reduction for acceptance of re-

sponsibility. He suggested he is entitled to this reduction because he told the truth about what he did in relation to the bank robbery. At sentencing, he argued he was also entitled to the application of this adjustment to his offense level because he raised only a technical defense at trial—lack of intent.

The government contended that the defendant was not entitled to any reduction for acceptance of responsibility. The probation office agreed that a reduction for acceptance of responsibility was not warranted in this case.

■■■ The defendant has the burden of proving by a preponderance of the evidence that he is entitled to a reduction of the offense level for acceptance of responsibility. *United States v. Ochoa–Fabian,* 935 F.2d 1139, 1142 (10th Cir.1991). The trial court has considerable discretion in considering the application of the acceptance of responsibility provisions. *Id.;* U.S.S.G. § 3E1.1, comment. (n. 5). The guidelines specifically note that only "[i]n rare situations [may] a defendant clearly demonstrate an acceptance of responsibility ... even though he exercises his constitutional right to a trial" and puts the government to its burden of proof. U.S.S.G. § 3E1.1, comment. (n. 2). *See United States v. Robertson,* 45 F.3d 1423, 1449 (10th Cir. 1995); *United States v. Dahlman,* 13 F.3d 1391, 1399 (10th Cir.1993), *cert. denied,* 511 U.S. 1045, 114 S.Ct. 1575, 128 L.Ed.2d 218 (1994).

In determining whether to allow a reduction for acceptance of responsibility, the court should consider, *inter alia,* the following actions of the defendant: (1) whether he has truthfully admitted the conduct comprising the offense, (2) whether he has voluntarily withdrawn from criminal conduct or associations, (3) whether he voluntarily surrendered, (4) whether he voluntarily assisted authorities after the commission of the offense, (5) whether he has engaged in post-offense rehabilitative efforts such as counseling or drug treatment, and (6) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility. U.S.S.G. § 3E1.1 comment. (n. 1).

■ The court is convinced that the defendant is not entitled to a two level or three level reduction for acceptance of responsibility. The evidence shows that the defendant has never accepted responsibility for his actions on June 1, 1996. *See United States v. Jaynes,* 75 F.3d 1493, 1508 (10th Cir.1996) ("Where a defendant admits his conduct but claims 'he did nothing illegal and had no unlawful intention,' thereby putting the government to its proof, his denial is inconsistent with an acceptance of responsibility."). This is not one of the rare cases that a defendant can put the government to proof and then claim a reduction for acceptance of responsibility. Accordingly, this objection shall be denied.

## ATTACHMENT OF PSYCHOLOGICAL REPORT

■ The defendant objected to the portion of the presentence report that summarized the findings of Dr. Robert E. Schulman. The defendant suggested that Dr. Schulman's entire report should be attached to the presentence report. The government did not object to the attachment of Dr. Schulman's report if the report of their expert witness, Dr. Harold Voth, was also attached. The probation office believed that it was unnecessary to attach either report. The probation office did not believe that the entire reports were necessary to understand the conclusions of the expert witnesses. The court agreed with the position of the probation office. The court shall not order these reports attached to the presentence report. Accordingly, this objection shall also be denied.

## DOWNWARD DEPARTURE

■ Finally, the defendant seeks a downward departure. This objection and the defendant's motion for downward departure raised the same arguments. The defendant contended he was entitled to a downward departure based upon any one of the following factors or upon a combination of these factors: (1) his psychological state; (2) his family problems, including the abuse he suffered as a child; (3) the aberrant nature of this criminal activity; and (4) his possible

vulnerability upon incarceration. The government contended there were no factors here that would warrant a departure. The probation office agreed with the position of the government. The probation office has identified no factors that would warrant a departure.

In *United States v. Ziegler*, 39 F.3d 1058, 1060–61 (10th Cir.1994), the Tenth Circuit set forth the following standards for determining when a downward departure is appropriate:

The Sentencing Reform Act allows a sentencing court to depart from the guidelines if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that should result in a sentence different from that described." 18 U.S.C. § 3553(b); see also U.S.S.G. § 5K2.0, p.s. (1991); U.S.S.G. Ch. 1, Pt. A, intro. comment, at 4(b) (1991). Sentencing courts are instructed "to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes," and consider departure only when the court "finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm." U.S.S.G. Ch. 1, Pt. A, intro. comment, at 4(b) (1991); 18 U.S.C. § 3553(b).

Having carefully reviewed the factors suggested by the defendant, the court does not find that a departure from the guidelines is warranted. The court understands its authority to depart, but finds that departure is not appropriate. The factors cited by the defendant—whether considered alone or in combination—are not present to such a degree as to warrant a departure from the sentencing guidelines. The court believes this case falls within the heartland of the guidelines. Accordingly, the defendant's objection and motion for downward departure are denied.

**IT IS SO ORDERED.**