**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

———————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EDWARD ARMAH TAGOE, a/k/a Edward
A. Tagoe, a/k/a Kareem Ebumbo,

    Defendant-Appellant.

No. 03-6236
(W.D. Okla.)
(D.Ct. No. 02-CR-195-T)

————————————————

**ORDER AND JUDGMENT**[*]

—————————————

Before **TACHA**, Chief Judge, and **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

—————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

—————————

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Edward A. Tagoe, a federal prisoner represented by counsel, appeals his ten-month sentence for making false statements, in violation of 18 U.S.C. § 1001(a)(3). He asserts the district court erred by: 1) enhancing his sentence for obstruction of justice under United States Sentencing Guideline (U.S.S.G.) §3C1.1, and 2) declining to reduce his sentence for acceptance of responsibility under U.S.S.G. §3E1.1. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm the district court's sentence.

## I. Background

During an investigation into a series of insurance claims Mr. Tagoe submitted to the United States Postal Service, postal inspectors determined Mr. Tagoe used altered sales receipts and invoices to support his claims. Specifically, Mr. Tagoe filed three separate insurance claims for packages he allegedly shipped separately to Ghana, contending each package contained a currency counter machine and a camcorder, as well as other merchandise. The investigation revealed Mr. Tagoe submitted the same receipts for the currency counter and camcorder on each of the claims, and that someone altered the receipts and updated them to make them appear different and more recent. Similarly, Mr. Tagoe submitted an insurance claim on four allegedly lost boxes of clothing he sent to Italy, using a receipt altered to increase the total value of the contents of

those four boxes to ten times their value, from $317.37 to $3,171.87. During the course of these submissions, postal inspectors also discovered Mr. Tagoe repeatedly used false names. Based on these submissions and Mr. Tagoe's admission at trial that he altered the supporting receipts or invoices to support his insurance claims, a grand jury indicted Mr. Tagoe on six counts of devising a scheme to defraud the United States Postal Service by submitting false insurance claim forms supported by altered sales receipts, in violation of 18 U.S.C. § 1001(a)(3). The indictment also charged him with nine counts of mail fraud under 18 U.S.C. § 1341. At trial, a jury convicted Mr. Tagoe of the six counts of submitting false statements on claims filed with the United States Postal Service in violation of 18 U.S.C. § 1001(a)(3), but found him not guilty of the nine counts of mail fraud.

II. Presentence Report, Objections Thereto, and Sentencing

In preparing the presentence report, the probation officer increased Mr. Tagoe's offense level by two levels under U.S.S.G. §3C1.1 for obstruction of justice, and did not apply a downward adjustment for acceptance of responsibility under §3E1.1, basing both determinations, in part, on Mr. Tagoe's perjured testimony at trial. Applying various other sentencing factors, the probation officer calculated Mr. Tagoe's total offense level at 12 and his criminal history

category at I, for a final guideline range of ten to sixteen months imprisonment.

Through counsel, Mr. Tagoe objected to both recommendations concerning U.S.S.G. §§3C1.1 and 3E1.1, which the district court addressed at the sentencing hearing. The district court determined an enhancement for obstruction of justice applied, but that no downward adjustment for acceptance of responsibility was warranted. In so doing, the district court made explicit factual findings with respect to both sentencing determinations, and later summarized its findings in writing. In applying the recommended guidelines and determining Mr. Tagoe's final sentence, the district court applied the bottom of the sentencing range of ten to sixteen months and sentenced him to ten months imprisonment on each of the six counts, to run concurrently.

III. Discussion

On appeal, Mr. Tagoe raises the same two Sentencing Guidelines objections concerning the district court's sentence enhancement under §3C1.1 for obstruction of justice and failure to decrease his sentence under §3E1.1 for acceptance of responsibility. When reviewing an application of the Sentencing Guidelines, we review the district court's factual findings for clear error and

questions of law *de novo*. *See United States v. Espinoza*, 338 F.3d 1140, 1151 (10th Cir. 2003), *cert. denied,* 124 S. Ct. 1688 (2004). This court "will not disturb a factual finding of the district court unless the court's finding was without factual support in the record, or if after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been made." *United States v. Easterling*, 921 F.2d 1073, 1077 (10th Cir. 1990) (quotation marks and citation omitted), *cert. denied,* 500 U.S. 937 (1991). Applying these standards, we affirm.

## A. Obstruction of Justice

We first consider whether the district court erred in enhancing Mr. Tagoe's sentence for obstruction of justice under U.S.S.G. §3C1.1 for providing perjured testimony. Section 3C1.1 provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense by 2 levels.

The commentary to §3C1.1 provides "a non-exhaustive list of examples of the types of conduct to which [a §3C1.1] enhancement applies." U.S.S.G. §3C1.1, cmt. n.4. This includes "committing, suborning, or attempting to suborn perjury" or "producing or attempting to produce a false, altered, or counterfeit document

-5-

or record during an official investigation or judicial proceeding." U.S.S.G. §3C1.1, cmt. n.4(b) and (c). For the purposes of §3C1.1, a witness commits perjury by: 1) giving false testimony under oath; 2) concerning a material matter; 3) with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory. *See United States v. Hawthorne*, 316 F.3d 1140, 1146 (10th Cir.) (relying on *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)), *cert. denied,* 124 S. Ct. 209 (2003). A district court's findings regarding the obstruction of justice adjustment must encompass all of the factual predicates of perjury, but generalized findings will suffice. *See Hawthorne*, 316 F.3d at 1146 (relying on *Dunnigan*, 507 U.S. at 95). Under the law of this circuit, the district court must identify the perjurious testimony before making an adjustment under §3C1.1. *See Hawthorne*, 316 F.3d at 1146 (relying on *United States v. Massey*, 48 F.3d 1560, 1573 (10th Cir.), *cert. denied,* 515 U.S. 1167 (1995)).

On appeal, Mr. Tagoe contends the district court erred in applying the two-level enhancement because it "failed to make the necessary findings establishing perjury." In an apparent attempt to explain what findings the district court omitted, Mr. Tagoe recounts his testimony at trial to show he admitted making false statements, but did so without the necessary element of wilful intent.

Specifically, Mr. Tagoe points to testimony where he admitted the receipts and statements made in support of his postal insurance claims were false, but explained he submitted the altered receipts only to recover money actually due him when the Postal Service lost or failed to deliver the packages. Because a postal worker lost the applicable original receipts, without which Mr. Tagoe could not prove his insurance claim, he claimed he altered the other receipts to recover what was rightfully due him. Mr. Tagoe claims his testimony concerning the loss or misplacement of the original receipts by the postal worker is not material in terms of a finding of perjury. The government contends otherwise, recounting Mr. Tagoe's incredible, contradictory testimony at trial that he provided the original receipts to the postal worker, as well as the numerous times and details of each false claim Mr. Tagoe submitted to the Postal Service, and his continued submission of altered or falsified receipts when he responded to postal inspectors investigating and challenging his initial claims.

The government aptly implies that Mr. Tagoe's pretrial actions, providing false statements and altered receipts to postal inspectors during their official investigation of his claims, may justify an obstruction of justice enhancement under commentary note 4(c) to §C1.1. *See, e.g., United States v. McGovern*, 329 F.3d 247, 250-52 (1st Cir. 2003) (applying §3C1.1 to administrative audit

-7-

investigation conducted by Medicare and Medicaid where the defendants submitted false statements to investigators). Nevertheless, because it appears the district court based the obstruction of justice enhancement solely on the perjury issue, we address only that issue on appeal.

In this case, the district court expressly found Mr. Tagoe "lied under oath and committed perjury." In so doing, the district court pointed to the explicit perjurious testimony involving Mr. Tagoe's statement under oath that he gave the original receipts or invoices to the postal clerk. In comparing his testimony with that of the postal clerk, the district court found the postal clerk to be a "profoundly ... more credible witness," whose testimony directly contradicted Mr. Tagoe's statement he gave her the original receipts, rather than only the altered, falsified receipts. In applying the three-prong perjury analysis required, the district court found Mr. Tagoe made: "(1) a false statement under oath, (2) concerning a material matter, (3) with the wilful intent to provide false testimony." In support of this finding, the district court noted Mr. Tagoe's "perjury about the original receipts was not only false, but ... *material*," given he was charged with knowingly and willfully making or using "a false document knowing the same to contain a materially false, fictitious and fraudulent statement." (Emphasis added.) The district court noted that when Mr. Tagoe

"was faced with overwhelming evidence that he submitted false invoices to support his postal insurance claims," he committed perjury "designed to defeat the charges that he 'knowingly and willfully made' [those] false claims." The district court pointed out Mr. Tagoe did this by attempting to shift the blame for his actions to the Postal Service, claiming he gave the original receipts to the postal clerk who lost them.

Under the circumstances of this case and the law of this circuit, it is clear the district court sufficiently identified Mr. Tagoe's perjurious testimony before making an enhancement adjustment under §3C1.1 and found the specific necessary elements for perjury. Mr. Tagoe's general admissions at trial and contention he only used altered receipts to claim what was rightfully his are insufficient to overcome the district court's finding he intentionally committed perjury when he lied about giving the postal clerk the original receipts, or to otherwise show the district court's factual findings of perjury are in clear error.

B. Acceptance of Responsiblity

We next consider whether the district court erred in not reducing Mr. Tagoe's sentence for acceptance of responsibility under U.S.S.G. §3E1.1. Section 3E1.1(a) directs the sentencing court to "decrease the offense level by 2 levels" if

"the defendant clearly demonstrates acceptance of responsibility for his offense."

Acceptance of responsibility is a factual question and our review of the court's

determination is limited to clear error. *See United States v. Spedalieri*, 910 F.2d

707, 712 (10th Cir. 1990). The defendant has the burden of proving by a

preponderance of the evidence that he accepted responsibility. *Id.* "The

sentencing judge is in a unique position to evaluate a defendant's acceptance of

responsibility. For this reason, the determination of the sentencing judge is

entitled to great deference on review." U.S.S.G. §3E1.1, cmt. n.5. The district

court is "in a better position than the appellate court to weigh the defendant's

sincerity of remorse and contrition." *United States v. Ochoa-Fabian*, 935 F.2d

1139, 1143 (10th Cir. 1991), *cert. denied,* 503-U.S. 961 (1992).

We recognize that conviction by trial, where the defendant puts the

government to its burden of proof, does not automatically preclude consideration

of a reduction where the defendant clearly demonstrates an acceptance of

responsibility for his criminal conduct. U.S.S.G. §3E1.1, cmt. n.2. However, in

instances where a defendant goes to trial, "a determination that a defendant has

accepted responsibility will be based primarily upon pre-trial statements and

conduct." *Id.*

On appeal, Mr. Tagoe contends he expressly admitted at trial he altered or made false statements regarding his receipts in support of his postal insurance claims, thereby showing his acceptance of responsibility for his criminal conduct. In support of this argument, Mr. Tagoe renews his argument that he admitted knowingly and willfully making materially false statements, but that he did not intend to defraud, or devise a scheme to defraud, the Postal Service. The district court determined otherwise, stating:

> The Court found that defendant never accepted responsibility for anything other than the inescapable fact that he blatantly altered documents when the evidence of alteration was so clear that he could not deny the acts. Beyond that, he did not come close to accepting responsibility for criminal conduct and indeed, almost consistently tried to shift the blame to the United States Postal Service.

Under the circumstances of this case, we conclude the district court did not commit clear error in refusing to adjust Mr. Tagoe's offense level downward for acceptance of responsibility. As previously discussed, it is clear Mr. Tagoe made his "admissions" more in the nature of shifting the blame, or attempting to mitigate his conduct, rather than accepting full responsibility or expressing remorse for his conduct. This lack of acceptance of responsibility is further evidenced in his brief on appeal, where he continues to assert he submitted the altered receipts only to recover money actually due him when the Postal Service lost or failed to deliver his packages and the postal worker lost the applicable

-11-

original receipts, without which he could not prove his insurance claim.

Moreover, as we previously noted, determinations of acceptance of responsibility are based primarily on pre-trial statements and conduct, but in this case, Mr. Tagoe points to no such statements or conduct to help carry his burden of showing he accepted responsibility for his criminal conduct. *See* U.S.S.G. §3E1.1, cmt. n.2. Given the circumstances of this case, our deference to the trial court's assessment of credibility, and the clearly erroneous standard we apply, we sustain the district court's conclusion a downward reduction for acceptance of responsibility under §3E.1.1 does not apply in this case.

IV. Conclusion

For the reasons set forth above, we **AFFIRM** Mr. Tagoe's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge