UNITED STATES of America, Plaintiff-Appellee,

v.

Paul Michael WACH, Defendant-Appellant.

No. 89–4097.

United States Court of Appeals, Tenth Circuit.

July 13, 1990.

Heather Nelson Cook, Asst. U.S. Atty. (Dee Benson, U.S. Atty., with her on the brief), Salt Lake City, Utah, for plaintiff-appellee.

James Esparza, Salt Lake City, Utah, for defendant-appellant.

Before TACHA, BALDOCK and BRORBY, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant-appellant, Paul Michael Wach, was convicted by a jury of transporting a

minor in interstate commerce with intent that she engage in prostitution and sexual activity under 18 U.S.C. § 2423 and 18 U.S.C. § 2. Wach received a sentence of thirty months imprisonment from which he now appeals. Wach argues on appeal that the district court violated his due process rights by 1) concluding that he had not accepted responsibility for the crime, and 2) failing to append findings on controverted matters to the presentence report. We hold that the district court properly denied Wach credit for acceptance of responsibility, but should have appended its findings upon controverted matters to the presentence report. We therefore remand this case to the district court for the ministerial task of appending its findings to the presentence report.

## I.

■ As a threshold matter, we must address the government's contention that this court lacks jurisdiction over Wach's appeal of his sentence. Appellate jurisdiction over criminal sentences is conferred by 18 U.S.C. § 3742(a):

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of the law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guidelines range ... or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

Section 3742 does not confer jurisdiction over appeals from a district court's discretionary refusal to depart from the guidelines when the sentence was within guideline range and not imposed in violation of law. *United States v. Richardson*, 901 F.2d 867, 870 (10th Cir.1990); *United States v. Davis*, 900 F.2d 1524, 1529 (10th Cir.1990). However, appellate jurisdiction is conferred by § 3742(a)(1) when a court relies upon inaccurate information in passing sentence, *United States v. Guerrero*, 894 F.2d 261, 265 (7th Cir.1990), or when a defendant challenges the constitutionality of the scheme under which he was sentenced, *United States v. LaGuardia*, 902 F.2d 1010, 1012 (1st Cir. Apr. 25, 1990); *United States v. Franz*, 886 F.2d 973, 980–81 (7th Cir.1989). Moreover, a district court's incorrect ruling that it lacked the statutory authority to deviate from the guidelines is cognizable under § 3742(a)(2). *United States v. Medeiros*, 884 F.2d 75, 77–78 (3d Cir.1989); *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989).

Here, Wach argues that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) by failing to make findings on controverted factual questions and append such findings to the presentence report. Essentially, Wach argues that he was sentenced in violation of the law. Wach's claim consequently is cognizable under § 3742(a)(1) as is his claim that the district court violated due process by relying upon the probation office's assessment of his acceptance of responsibility. The government's jurisdictional argument fails.

## II.

The presentence report indicated that Wach was unable to honestly acknowledge his role in the offense and recommended against a two-level downward adjustment based on acceptance of responsibility. Wach challenged this determination and requested that the district court determine his acceptance of responsibility at sentencing. During sentencing, the district court noted the late date of Wach's expressed acceptance of responsibility, but nevertheless heard Wach and his counsel on the question. The court then determined that Wach had not accepted responsibility and consequently declined to adjust his offense level computation.

■ The Sentencing Guidelines provide for a two point reduction in offense level "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense of conviction[.]" United States Sentencing

Comm'n, *Guidelines Manual*, § 3E1.1(a) (Nov. 1989).

> The reduction of offense level provided in [§ 3E1.1] recognizes legitimate societal interests ... [A] defendant who clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense ... *in a timely fashion* ... is appropriately given a lesser sentence than a defendant who has not demonstrated sincere remorse.

U.S.S.G. § 3E1.1, comment. (backg'd.) (emphasis supplied). The defendant bears the burden of establishing by a preponderance of the evidence his entitlement to a reduction of the offense level based on acceptance of responsibility. *United States v. Rogers*, 899 F.2d 917, 924 (10th Cir.1990). The Guidelines explain that appellate review of a district court's finding on acceptance of responsibility must be highly deferential: "The sentencing judge is in a unique position to evaluate a defendant's acceptance or responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." U.S.S.G. § 3E1.1, comment. (n.5).

■ Here, the probation office informed the court that Wach had not recognized and accepted personal responsibility for the crime. When a defendant fails to acknowledge personal responsibility during the presentence investigation, such failure cannot be overcome merely by a perfunctory expression of regret before the district court at sentencing. Although the final determination of whether Wach had accepted responsibility rested with the district court, the court could consider the timing of Wach's statement in determining if his acceptance was genuine. Wach's eleventh hour expression of remorse brought into question whether he manifested "sincere contrition" over his criminal conduct. *See*

U.S.S.G. § 3E1.1, comment. (n.2). At sentencing, the district court provided Wach with an adequate opportunity to controvert the probation office's assessment that he had not accepted responsibility for the offense. We cannot say that the court was clearly erroneous in crediting the probation office's assessment over Wach's protestations to the contrary. *See* 18 U.S.C. § 3742(e).

### III.

Following Wach's conviction, the probation office prepared a routine presentence report detailing his actions concerning the offense, his prior criminal convictions and background. Wach took exception to several statements in the presentence report, particularly the statement that he was the prime suspect in the homicide of his estranged wife.[1] At the sentencing hearing, the district court stated that "this alleged murder is in no way going to effect what sentence Mr. Wach receives." Rec. supp. vol. III at 4. However, this determination is not reflected in the presentence report.

■ The procedure to object to information contained in a presentence report is prescribed by Fed.R.Crim.P. 32(c)(3)(D):

> If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. *A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report*

---

1. In his response to the presentence investigation report, Wach objected to statements that 1) he had committed other uncharged criminal acts, 2) during the commission of the crime, Wach's codefendant had taken drugs, 3) Wach and his codefendant possessed firearms, 4) some of Wach's "employees" had been physically assaulted, 5) Wach engaged in a dispute with his co-defendant, and 6) that Wach had not accepted responsibility for his crime. However, during the sentencing hearing, Wach's counsel conceded that the only dispute concerning the presentence report was over Wach's acceptance of responsibility. Rec. supp. vol. III at 5. Wach therefore has failed to preserve these issues for appeal.

*thereafter made available to the Bureau of Prisons.*

(emphasis supplied). Appending the presentence report with the judge's findings on controverted matters as required by Fed.R.Crim.P. 32(c)(3)(D) insures against the "manifest unfairness to a defendant if false or unreliable information is relied upon by the ... Bureau of Prisons, or the Parole Commission," *United States v. Kerr,* 876 F.2d 1440, 1445 (9th Cir.1989), in "critical determinations relating to custody or parole," Amendments to the Federal Rules of Criminal Procedure, 97 F.R.D. 245, 308 (1983) (Advisory Committee Note). *See United States v. Peterman,* 841 F.2d 1474, 1483 (10th Cir.1988), *cert. denied,* 488 U.S. 1004, 109 S.Ct. 783, 102 L.Ed.2d 774 (1989). When the record reveals that the sentencing judge may have relied upon disputed facts in the presentence investigation without first making a finding regarding such facts, resentencing is the appropriate remedy. *United States v. Gattas,* 862 F.2d 1432, 1435 (10th Cir.1988). However,

> [w]hen the record reveals that the sentencing court did not rely on the disputed facts or that the sentencing court resolved the dispute against the defendant, and when the alleged violation of Rule 32(c)(3)(D) relates only to the failure of the sentencing court to attach the proper record to the [presentence report] documenting its resolution or its disregard of the disputed facts, then the proper remedy is merely to remand for attachment of the proper record to the [presentence report].

*Id.; see also United States v. Rutter,* 897 F.2d 1558, 1566 (10th Cir.1990); *United States v. Fernandez-Angulo,* 897 F.2d 1514, 1517 (9th Cir.1990) (en banc).

■ In the instant case, the record clearly indicates that the district court did not rely upon controverted facts in sentencing Wach to thirty months imprisonment. Wach's presentence report is replete with uncontroverted examples of anti-social conduct that well justify the court's decision to sentence him to the maximum allowable term for the adjusted offense level. Nevertheless, the district court committed the technical error of failing to append to the presentence report its determination not to rely upon controverted matters in passing sentence. The preferred method for correcting such a clerical error would have been a motion brought under Fed.R. Crim.P. 36. *See United States v. Knockum,* 881 F.2d 730, 732 (9th Cir.1989) (Rule 36 "ready remedy" for district court's failure to append findings on controverted matters to presentence report). Because both counsel failed to take advantage of this simple remedy, we must remand to the district court for the purely ministerial task of appending its determinations on controverted matters to the presentence report.

AFFIRMED and REMANDED.