930 F.2d 35
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mohammed Ali ALSUBAEY, Defendant-Appellant.
 No. 90-6272.
 United States Court of Appeals, Tenth Circuit.
 April 2, 1991.
 
 Before MCKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mohammed Ali Alsubaey appeals his sentence imposed following his guilty plea. We affirm.
 
 
 3
 Alsubaey contends the district court judge erred by (1) enhancing his offense level by four as an adjustment for his role in the offense; and (2) failing to reduce his offense level by two for accepting personal responsibility for his criminal conduct under the relevant provisions of United States Sentencing Commission Guidelines Manual (1989) (hereinafter Guidelines). Because Alsubaey contends the district court's misapplication of the Guidelines arose from erroneous fact findings, we apply a clearly erroneous standard of review. See United States v. Roberts, 898 F.2d 1465, 1468-69 (10th Cir.1990) (mixed questions closer to fact questions reviewed under standard approaching clearly erroneous); United States v. Wach, 907 F.2d 1038, 1040 (10th Cir.1990) (acceptance of responsibility reviewed under clearly erroneous standard).
 
 
 4
 Alsubaey's contention regarding the enhancement of his offense level by four as an adjustment for his role in the offense has no factual basis. The sentencing transcript as well as the Presentence Report clearly reflect that Alsubaey received an enhancement of only two levels for his role in the offense. Rec., vol.II, at p 20 (presentence report made offense level adjustment of "+2" pursuant to Guidelines Sec. 3B1.1(c)); rec., vol. III, at 54 (sentencing judge indicated Alsubaey receiving two point enhancement, and Alsubaey's trial counsel signified objections regarding enhancement had been resolved).[1]
 
 
 5
 We also affirm the district court's determination that Alsubaey refused to accept responsibility for his criminal conduct in a truthful fashion. With respect to Alsubaey's testimony at sentencing, the district court judge stated: "I must say I find Mr. Alsubaey's testimony patently unbelievable." Rec., vol. III, at 48-49. Guidelines, Sec. 3E1.1(a), Application Note 1(C), expressly states that the voluntariness and truthfulness of admissions are appropriate factors in determining whether a defendant qualifies for an acceptance of responsibility adjustment. We find no error in the district court's denial of the two point reduction. See also Wach, 907 F.2d at 1040 (sentencing judge is in "unique position to evaluate a defendant's acceptance of responsibility") (quoting Guidelines, Sec. 3E1.1 (commentary)).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Alsubaey also argues on appeal that the district court erred in considering his role in criminal conduct based on conduct for which he was not convicted. We do not address this argument as it stems, in part, from Alsubaey's erroneous view that he received an enhancement of four levels pursuant to Sec. 3B1.1(a), rather than two levels pursuant to Sec. 3B1.1(c), and because this objection was not presented below to the district court judge. See rec., vol. III, at 54; Singleton v. Wulff, 428 U.S. 106, 121 (1976) (generally, appellate court will not consider issue not raised below)