**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Reuben TOVAR, Defendant–Appellant.**

**No. 93–4104.**

United States Court of Appeals,
Tenth Circuit.

June 22, 1994.

---

Loni F. DeLand of McRae & DeLand, Salt Lake City, UT, for defendant-appellant.

Wayne T. Dance (Scott M. Matheson, Jr., U.S. Atty., and Bruce C. Lubeck, Asst. U.S. Atty., Salt Lake City, UT, with him on the brief), Asst. U.S. Atty., Salt Lake City, UT, for plaintiff-appellee.

Before TACHA and MCKAY, Circuit Judges, and SHADUR,* District Judge.

TACHA, Circuit Judge.

Reuben Tovar appeals from a sentence imposed after he pleaded guilty to conspiracy to distribute a controlled substance. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and affirm.

## I. Background

In May 1992, law enforcement officers stopped Miguel Madera in Nevada and discovered approximately 17 ounces of cocaine inside his vehicle. Following his arrest, Mr. Madera cooperated with law enforcement officials. He admitted that Mr. Tovar gave him money to buy the cocaine in California, that he had traveled to California and purchased the cocaine, and that he was returning to Utah to deliver the cocaine to Mr. Tovar. He also said that others sold cocaine in Utah for Mr. Tovar. Law enforcement officers then taped a phone call from Mr.

Madera to Mr. Tovar in which Mr. Tovar acknowledged he was expecting the cocaine delivery and authorized Mr. Madera to sell two ounces of the cocaine to pay for Mr. Madera's allegedly broken-down car.

Mr. Tovar was charged with one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. Mr. Tovar moved to dismiss the indictment, falsely representing to the district court that he was a juvenile at the time of the alleged conspiracy. Following a hearing, the district court denied Mr. Tovar's motion. Mr. Tovar then pleaded guilty to conspiracy to distribute a controlled substance and, as part of a plea agreement, the government agreed to dismiss a prior one count indictment for reentry of a deported alien in violation of 8 U.S.C. § 1326 and to forego charges for perjury and obstruction of justice based on Mr. Tovar's age misrepresentation in his motion to dismiss the conspiracy count. The district court sentenced Mr. Tovar to ninety months' imprisonment, a $1,000 fine and five years supervised release. Mr. Tovar appeals, challenging his sentence on three grounds.

## II. Discussion

### A. Acceptance of Responsibility

Mr. Tovar argues that the district court erred by not granting him a two-point downward adjustment for acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G. or "Guidelines") § 3E1.1(a).

> An acceptance of responsibility determination by a district court is a question of fact reviewable under a clearly erroneous standard. The burden of proof is on the defendant and the quantum of proof is by a preponderance of the evidence. Whether a defendant should be granted a two level adjustment for acceptance of responsibility depends upon whether a defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct.

* The Honorable Milton I. Shadur, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

*United States v. Chimal,* 976 F.2d 608, 613 (10th Cir.1992) (citations and internal quotations omitted), *cert. denied,* — U.S. —, 113 S.Ct. 1331, 122 L.Ed.2d 715 (1993).

The presentence report in this case stated that Mr. Tovar "clearly admitted to and accepted responsibility for his criminal conduct" and recommended that he receive a two level reduction for his acceptance of responsibility. The presentence report also recommended that Mr. Tovar receive a two-point upward adjustment under § 3C1.1 for obstruction of justice for making "materially false statements and provid[ing] materially false evidence to the court arguing that he should be adjudged a juvenile." The district court increased Mr. Tovar's offense level for obstruction of justice but refused to decrease his offense level for acceptance of responsibility.

The Commentary to § 3E1.1 provides that an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Application Note 4. Here, the district court commented that, because Mr. Tovar had obstructed justice by misrepresenting his age in his motion to dismiss the conspiracy indictment, he had not clearly accepted responsibility for his crime. The district court did not clearly err in refusing to reduce Mr. Tovar's offense level for acceptance of responsibility.[1]

### B. Role as Organizer, Leader, Manager or Supervisor

■ Mr. Tovar asserts that he and Mr. Madera were coconspirators with equal culpability and that the district court therefore erred by increasing his offense level by two points under U.S.S.G. § 3B1.1(c) for being an "organizer, leader, manager, or supervisor." We review the trial court's determination that Mr. Tovar was a leader or organizer under the clearly erroneous standard. *United States v. Powell,* 973 F.2d 885, 892 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1598, 123 L.Ed.2d 161 (1993). "Key determinants of the applicability of § 3B1.1

are control or organization: the defendant must have exercised some degree of control over others involved in the commission of the offense or he must have been responsible for organizing others for the purpose of carrying out the crime." *United States v. Reid,* 911 F.2d 1456, 1464 (10th Cir.1990) (internal quotations omitted), *cert. denied,* 498 U.S. 1097, 111 S.Ct. 990, 112 L.Ed.2d 1074 (1991).

■ Mr. Tovar asserts that the district court improperly relied upon Mr. Madera's statements rather than the presentence report in determining that Mr. Tovar was an organizer or leader. We disagree. In making its determination, the district court may take into account any evidence, including hearsay from previous proceedings, provided that the evidence has sufficient indicia of reliability to support its probable accuracy. *United States v. Hershberger,* 962 F.2d 1548, 1554–56 (10th Cir.1992); *United States v. Beaulieu,* 900 F.2d 1537 (10th Cir.), *cert. denied,* 497 U.S. 1009, 110 S.Ct. 3252, 111 L.Ed.2d 762 (1990). In this case, the district court held an evidentiary hearing on Mr. Tovar's motion to dismiss the conspiracy indictment. At the evidentiary hearing, Mr. Madera testified that Mr. Tovar gave him $11,000 to go to California to buy approximately 17 ounces of cocaine, that he in fact bought the cocaine, and that he was to deliver the cocaine to Mr. Tovar in Utah. Mr. Madera said that others did the same thing for Mr. Tovar. A taped telephone conversation between Mr. Madera and Mr. Tovar corroborated Mr. Madera's testimony—Mr. Tovar acknowledged he was waiting for the cocaine delivery and authorized Mr. Madera to sell two ounces of the cocaine to repair his allegedly broken-down vehicle. After reviewing the record, we cannot say that the district court's finding that Mr. Tovar was an organizer or leader of the cocaine conspiracy was clearly erroneous.

### C. Findings Regarding Disputed Information in Presentence Report

■ Mr. Tovar contends that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by

---

1. Mr. Tovar also contends that he is entitled to an additional one-point reduction pursuant to § 3E1.1(b)(1) or (2), which allows the defendant an additional one level decrease *if he qualifies for a decrease under § 3E1.1(a).* Because we con-

clude above that the district court did not clearly err in finding that Mr. Tovar did not accept responsibility for his crime, thus not qualifying under section (a), Mr. Tovar is not entitled to a one-level reduction under section (b).

failing to make express findings of fact regarding the accuracy of information contained in the presentence report. Rule 32(c)(3)(D) requires a district court to make specific findings of fact only "[i]f the comments of the defendant and the defendant's counsel ... allege any *factual* inaccuracy in the presentence investigation report." Fed. R.Crim.P. 32(c)(3)(D) (emphasis added). Here, Mr. Tovar has not identified any factual inaccuracies contained in the presentence report. Rather, he appears to contest the report's legal conclusion, based on the facts therein, that he should receive an upward adjustment for being an "organizer, leader, manager or supervisor."[2] That conclusion is not a finding of fact and Mr. Tovar's argument concerning the appropriate weight and effect to be given the facts surrounding his participation in the offense does not implicate Rule 32(c)(3)(D). *See United States v. Hand*, 913 F.2d 854, 857 (10th Cir.1990).

We AFFIRM.

---

**2.** Mr. Tovar also contests the report's legal conclusion that he be denied the additional one-

point reduction under § 3E1.1(b) for acceptance of responsibility.