36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Brad WHITE, Defendant-Appellant.
 Nos. 93-6356, CR-93-125-T.
 United States Court of Appeals, Tenth Circuit.
 Sept. 26, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Brad White pled guilty to conspiracy to distribute marijuana, in violation of 21 U.S.C. 846, and was sentenced under the sentencing guidelines to eighty-four months' imprisonment. Mr. White appeals his sentence, contending that the district court erred by failing to reduce his offense level by two levels respectively, for minor participation in the conspiracy, USSG 3B1.2(b), and for acceptance of responsibility, USSG 3E1.1(a). We affirm.
 
 BACKGROUND
 
 3
 Following a Drug Enforcement Administration investigation of
 
 
 4
 a drug distribution network, Mr. White was arrested and
 
 
 5
 arraigned under a three-count indictment that charged two
 
 
 6
 counts of distribution of cocaine and one count of
 
 
 7
 conspiracy to distribute both cocaine and marijuana. R.
 
 
 8
 Vol. I, Tab 6/16/93. Virtually on the eve of trial, White
 
 
 9
 agreed to plead guilty to a single-count information
 
 
 10
 charging conspiracy to distribute marijuana. Shortly before
 
 
 11
 entering his plea, White tested positive for cocaine use,
 
 
 12
 which he denied. At the time the court accepted White's
 
 
 13
 guilty plea, it found he had violated the terms of his
 
 
 14
 release by using cocaine and ordered his bail revoked. R.
 
 
 15
 Vol. III at 14.
 
 
 16
 The probation officer prepared a presentence report ("PSR"), taking into account White's offense of conviction and relevant conduct involving cocaine trafficking. USSG 1B1.3(a). As to all such conduct, White declined to cooperate with the probation officer in the preparation of the PSR.
 
 
 17
 At the sentencing hearing, Mark Clair, a coconspirator, testified for the government on the drug trafficking detailed in the PSR, and White admitted those facts, with one exception. He denied receiving payment, either in money or drugs, for introducing Mark Clair to Jesus Peyrefitte, a drug source.
 
 
 18
 The district court found Clair's testimony to be credible, R. Vol. II at 22, and adopted the facts set out in the PSR, which, having been made part of the record, are as follows:
 
 
 19
 [In November 1991] Clair purchased one kilogram of cocaine from White. This cocaine had been supplied to White by Peyrefitte.
 
 
 20
 ... [I]n June of 1991, [Clair] purchased six ounces of cocaine from White. Later, in July of 1991, he purchased an additional six ounces of cocaine at Brad White's residence .... from Joe Torres. White arranged the purchase between Torres and Clair. In August of 1991, Joe Torres met with Clair again at Brad White's house and sold Clair 1/2 kilo of cocaine. Brad White was present during the transaction.... [T]he last purchase of cocaine from Joe Torres occurred in September of 1991, at a house Brad White was renovating. Clair purchased 1/2 kilo from Torres. White was present during the transaction.
 
 
 21
 In January 1992, White formally introduced Clair to Peyrefitte. The purpose of the meeting was to eliminate White from future cocaine transactions with Clair. Clair gave Brad White $5,000 for the Peyrefitte introduction. Clair and Peyrefitte then entered into an agreement wherein Peyrefitte would act as Clair's source for cocaine. The two also discussed prices for oneand two-kilogram cocaine purchases.
 
 
 22
 During the course of their association, Mark Clair estimated that he sold one-ounce quantities of cocaine to Brad White on at least 10 occasions. Gary Boughten also advised agents that he had sold 28 ounces of cocaine to Brad White which were intended for Mark Clair. When Jesus Peyrefitte was arrested, 25 pounds of marijuana were seized from his residence which had been designated to Brad White for distribution purposes.... White also told agents he purchased marijuana on a regular basis from Peyrefitte.
 
 
 23
 The total amount of drugs attributable to the defendant over the course of the conspiracy, as determined by testimony provided by Mark Clair and Gary Boughten, is 3,413.3 grams of cocaine and 11.34 kilograms of marijuana. This computes to a marijuana equivalent of 694 kilograms. R. Vol. IV at 3-4, 1/2 1/2 7-11.[2]
 
 DISCUSSION
 A. Role in the Offense
 
 24
 White contends that the court erred by refusing to grant him a two-point reduction as a minor participant, because he was only a "nickel and dime," "sporadic," or "occasional" dealer and "middleman," or broker, and therefore less culpable than the other conspirators. Appellant's Initial Br. at 3, 6; Reply Br. at 3. Citing United States v. Caruth, 930 F.2d 811, 815 (10th Cir.1991), he asserts that the court should have analyzed his culpability compared (1) to other members of the same conspiracy or (2) to an "average conspiratorial relationship." Appellant's Initial Br. at 3; Reply Br. at 4. Under either approach, White argues he was a minor participant, since "[I]t cannot be reasonably said that [he] was essential to the success of the other participants." Appellant's Initial Br. at 7.
 
 
 25
 The defendant has the burden of showing by a preponderance of the evidence that he was a minor participant under USSG 3B1.2. United States v. Occhipinti, 998 F.2d 791, 802 (10th Cir.1993). "A finding that a defendant is or is not a minor participant is a fact finding that we must accept unless clearly erroneous." United States v. Sukiz-Grado, 22 F.3d 1006, 1009 (10th Cir.1994). And, "the guidelines do not require adjustment just because multiple participants are involved." Caruth, 930 F.2d at 815 (quoting United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991)).
 
 
 26
 As shown by the facts set out above, White's level of participation was not minor under any accepted application of the guidelines, and the district court's determination on the point is certainly not clearly erroneous. White personally dealt significant quantities of drugs, and he provided the critical introductions and the site for large drug transactions. He was an essential, direct link in the trade on numerous occasions, and he was paid for furthering the drug trade by introducing Clair to Peyrefitte--an introduction that resulted in major, continuing, drug trafficking.[3] This is not minor participation. See United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir.1993).
 
 B. Acceptance of Responsibility
 
 27
 As his second claim of error, White contends that he should have received a two-point reduction of his offense level for acceptance of responsibility. USSG 3E1.1(a). He bases this claim on the facts that he pled guilty and later admitted (with one exception) to the offense and relevant conduct facts recited in the PSR. He argues that his refusal to cooperate with the probation officer does not detract from his acceptance of responsibility since note 1(a) to USSG 3E1.1 provides that "a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a)." USSG 3E1.1, comment. (n.1(a)).
 
 
 28
 The sentencing guidelines provide for a two-level reduction if a defendant "clearly demonstrates acceptance of responsibility for his offense." USSG 3E1.1. However, "[a] defendant who enters a guilty plea is not entitled to an adjustment ... as a matter of right." USSG 3E1.1, comment. (n.3). The court may "consider the timing of [a defendant's] statement in determining if his acceptance was genuine." United States v. Wach, 907 F.2d 1038 (10th Cir.1990). Additionally, a defendant's "voluntary termination or withdrawal from criminal conduct or associations" should be considered in determining whether he has accepted responsibility. USSG 3E1.1, comment. (n.1(b)). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," our review of the court's finding must be highly deferential. USSG 3E1.1, comment. (n.5). Thus, we review the court's determination as a finding of fact under the clear error standard. See United States v. Tovar, 27 F.3d 497, 498 (10th Cir.1994). The defendant has the burden of proving, by a preponderance of the evidence, that he has accepted responsibility. Id.
 
 
 29
 Applying these standards, we cannot say that the district court clearly erred when it concluded that Mr. White was not entitled to a two-level reduction for acceptance of responsibility.
 
 
 30
 White's argument that he was improperly penalized for refusing to discuss his involvement in the cocaine conspiracy, as opposed to the marijuana conspiracy, fails for two reasons. First, it was raised for the first time on appeal. See Appellant's Initial Br. at 9-11; Appellant's Reply Br. at 8; R. Vol. II at 23-25, 28-29. In sentencing, as in other contexts, arguments not raised in the trial court will not be heard for the first time on review. United States v. Dietz, 950 F.2d 50, 55 (1st Cir.1991). Second, White refused to discuss with the probation officer not only the relevant conduct involving cocaine but also the offense conduct involving marijuana. His refusal to cooperate with the officer with respect to the details of his offense conduct, even on advice of counsel, can justify the denial of a reduction for acceptance of responsibility. See United States v. Trujillo, 906 F.2d 1456, 1460-61 (10th Cir.), cert. denied, 498 U.S. 962 (1990). His general admission at sentencing and his "eleventh hour expression of remorse" brought the sincerity of his acceptance into question. Wach, 907 F.2d at 1040.
 
 
 31
 Further, the district court had before it, and considered, White's use of cocaine while on bail, in violation of the requirement that he abstain from drug use. White argues that the court erred in considering his use of cocaine as a factor in denying a reduction for acceptance of responsibility, and that, moreover, he should have received a reduction based on "post-offense rehabilitative efforts" under USSG 3E1.1, comment. (n.1(g)), since he was exploring the AA 12-step program.[4]
 
 
 32
 Mr. White raised neither argument below. See Dietz, 950 F.2d at 55. Moreover, his argument that his cocaine addiction prevented him from "stop[ping] on a dime," Appellant's Reply Br. at 8-9, directly contradicts his previous statement to the probation officer that he was only an occasional user of cocaine. R. Vol. IV at 6, 1/233. In any event, were we to address these arguments, under our deferential standard of review, we would not be convinced that the district court clearly erred in its factual determination that White had not sincerely accepted responsibility.
 
 
 33
 Finally, White denied and continues to deny demanding and receiving payments for introducing Clair to Peyrefitte. However, the district court's credibility determination and express finding on the point establishes the fact of payment by a preponderance of the evidence, and White's failure to accept responsibility for receiving payment in and of itself disqualifies White from the acceptance of responsibility reduction.
 
 
 34
 For the reasons stated, the sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Except for the 25 pounds of marijuana confiscated at Peyrefitte's residence, the PSR does not include any other quantities of marijuana that White purchased over the course of the conspiracy. Also, the cocaine calculation includes only those amounts that White actually bought or sold or that he directly brokered on properties he controlled. Thus, a kilo of cocaine that Clair purchased from Peyrefitte (noted in 1/26 of the PSR) is not included. Additionally, at the sentencing hearing, Clair testified that he purchased several additional kilograms of cocaine from Peyrefitte which were not included in the drug quantities attributed to White. R. Vol. II at 6-7
 
 
 [3]
 White argues the facts to us on the issue of payment, but, as indicated above, the district court made a specific finding on the credibility of Mark Clair's testimony. R. Vol. II at 22. Our review is highly deferential on the point. 18 U.S.C. 3742(e)
 
 
 [4]
 The Fifth, Seventh and Eleventh Circuits have upheld a district court's refusal to adjust based on a defendant's drug use while on bail, even when unrelated to the offense of conviction. See United States v. McDonald, 22 F.3d 139, 144 (7th Cir.1994); United States v. Pace, 17 F.3d 341, 343 (11th Cir.1994); United States v. Watkins, 911 F.2d 983 (5th Cir.1990). Given his refusal to discuss his offense conduct, we do not decide whether drug use, standing alone, would be sufficient to deny adjustment