72 F.3d 139
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory HUDSON, Defendant--Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Wayne WOODS, Defendant--Appellant.
 Nos. 94-3338, 95-3017.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1995.
 
 Before ANDERSON, BALDOCK and LUCERO, Circuit Judges.
 LUCERO, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 Defendants Gregory Hudson and Michael Wayne Woods were arrested in Great Bend, Kansas for dealing cocaine. At trial, Hudson was convicted of conspiracy to distribute cocaine and cocaine base, distribution of cocaine and cocaine base, and possession with intent to distribute cocaine base. Woods pled guilty to one count of possession with intent to distribute cocaine base and aiding and abetting.
 
 
 2
 Both defendants appeal, and we exercise jurisdiction under 28 U.S.C. 1291. Hudson challenges (1) the propriety of the chain of custody of several government exhibits; (2) the sufficiency of the evidence presented at trial to sustain his conspiracy conviction; (3) the amount of cocaine that the trial court attributed to him for sentencing purposes; and (4) the court's denial of a downward departure. Woods asserts that (1) he should not have been deemed an "organizer, leader, manager or supervisor" for sentencing purposes; (2) the sentencing court's determination of his criminal history category for sentencing was flawed; and (3) the sentencing court should have attached a record of its findings on disputed sentencing matters to the presentence report. In addition, Woods' attorney moves to withdraw on the grounds that all of Woods' claims are frivolous.[2]
 
 BACKGROUND
 
 3
 In April, 1993, Michael Wayne Woods, Gregory Hudson and Lorenzo McMillan left Mansfield, Louisiana and drove to Great Bend, Kansas. Woods carried three small bags of cocaine base and powder cocaine strapped to his crotch. When they arrived at the Baltzell Motel in Great Bend, Woods and McMillan checked into Room 19. At Woods' direction, Hudson checked into Room 2 and began selling cocaine there. The following day, Tiffernie Carroll drove from Mansfield to Great Bend, delivering an additional three ounces of cocaine base to Woods.
 
 
 4
 During the following two days, Kansas law enforcement officials, acting on informants' tips, kept this operation under surveillance. The officials saw people entering and leaving Room 2. They also saw Woods going to Room 2 and Hudson going back and forth between Room 2 and an ice machine, where drugs were stashed.
 
 
 5
 Finally, officials entered Room 2 pursuant to a search warrant. There they found Hudson, with 3 grams of cocaine base and $350 in cash on his person; another 72.2 grams of cocaine base in a desk drawer; and rolling papers and plastic bags. Officials also searched Room 19, where they found checks made out to Woods from informants the officials had sent to Room 2 to buy cocaine. Hudson, Woods and Carroll were arrested.
 
 DISCUSSION
 I. HUDSON
 
 6
 A. Chain of Custody of Exhibits 3A-3F, 10A and 10B
 
 
 7
 Defendant Hudson claims that several government exhibits--all either cocaine or paraphernalia--should not have been admitted. With respect to each, a Kansas Bureau of Investigation agent was unable to identify a set of initials on the property tag for the exhibit. Hudson claims this raises doubt as to whether sufficient precautions were taken to maintain the evidence in its original condition. The proper standard of review of a trial court's decision to admit evidence is abuse of discretion. United States v. Cardenas, 864 F.2d 1528, 1530 (10th Cir.1989), cert. denied, 491 U.S. 909 (1989).
 
 
 8
 Generally, an exhibit must be authenticated by presenting "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). When evidence is not easily identifiable, or when it is susceptible to tampering, that foundation necessitates showing a chain of custody "with sufficient completeness to render it improbable that the original item has either been exchanged with another or been contaminated or tampered with." United States v. Johnson, 977 F.2d 1360, 1367 (10th Cir.1992) (quoting Edward W. Cleary, McCormick on Evidence 212, at 667 (3d ed.1984) (further quotation omitted) (emphasis added in Johnson )), cert. denied, 113 S.Ct. 1024 (1993).
 
 
 9
 This chain of custody "need not be perfect." Id. (quoting U.S. v. Cardenas, 864 F.2d at 1531). Rather, after considering the nature of the evidence and surrounding circumstances, the trial court may admit the evidence if it is "substantially in the same condition as when the crime was committed." Id. (quoting Cardenas at 1531). At that point, any "deficiencies in the chain of custody go to the weight of the evidence, not its admissibility." Johnson, 977 F.2d at 1367, quoting United States v. Brandon, 847 F.2d 625, 630 (10th Cir.), cert. denied, 488 U.S. 973 (1988).
 
 
 10
 Here, although agents could not identify initials on the property tags of certain exhibits, the defendant made no demonstration of tampering or contamination. The trial court heard ample testimony on the chain of custody of the exhibits in question, and the record does not warrant a finding of abuse of discretion.
 
 
 11
 B. Sufficiency of the evidence to sustain conspiracy conviction
 
 
 12
 Defendant Hudson claims that the evidence is insufficient to sustain his conspiracy conviction. He insists that he was not part of any agreement and that he was unaware of the essential objectives of the conspiracy. Our review of the record for sufficiency of the evidence to sustain a conviction is de novo. United States v. Chavez-Palacios, 30 F.3d 1290, 1294 (10th Cir.1994). In carrying out this review, we view the evidence in the light most favorable to the government and determine whether any reasonable jury could find the defendant guilty beyond a reasonable doubt. United States v. Garcia, 994 F.2d 1499, 1504 (10th Cir.1991).
 
 
 13
 Law enforcement officials conducted surveillance on Hudson's and Woods' drug operation. When officers entered Room 2, they found drugs, paraphernalia and money in abundance. Three government witnesses testified that Hudson confessed to them in post-arrest interviews that he drove from Mansfield to Great Bend with Woods, another man and a quantity of cocaine, in order to sell the cocaine. Viewing this evidence in the light most favorable to the government, we sustain the conspiracy conviction.
 
 
 14
 C. Attribution of Cocaine for Sentencing Purposes
 
 
 15
 Hudson claims that the amount of drugs attributed to him for sentencing purposes should be limited to the 3 grams of cocaine actually found on his person, rather than the 72.1 grams found elsewhere in the motel room where he was arrested. See U.S.S.G. 2D1.1(c). A finding of drug quantity for sentencing purposes is reviewed for clear error. United States v. Powell, 982 F.2d 1422, 1435 (10th Cir.1992), cert. denied, 113 S.Ct. 1356 (1993).
 
 
 16
 In determining the quantity of drugs attributable to a conspiracy defendant, the court looks to the amount within the scope of the conspiracy and reasonably foreseeable to the defendant. Powell, 982 F.2d at 1435 (court attributed the entire quantity of drugs distributed through a network to one dealer in that network). Here, it seems that Hudson was the primary dealer in the conspiracy. After observing him selling drugs in a motel room, police seized drugs from a desk drawer in that room. Giving due deference to trial court's application of the guidelines to the facts, see 18 U.S.C. 3742(e), we conclude that it was not clearly erroneous to attribute these drugs to Hudson.
 
 D. Denial of Downward Departure
 
 17
 Hudson claims that the trial court should have granted him a downward departure from the guideline-mandated sentence.
 
 
 18
 Unless the district court was unaware of its authority to depart downward from the guidelines, its failure to do so is unreviewable on appeal. U.S. v. Williamson, 53 F.3d 1500, 1529-30 (10th Cir.), cert. denied, 116 S.Ct. 218 (1995). Because the court was plainly aware of its authority to grant a downward departure and refused to do so, that decision must stand.
 
 II. WOODS
 A. Leadership Role
 
 19
 Defendant Woods claims that the trial court erred in finding that he was "an organizer, leader, manager, or supervisor" for sentencing purposes. See U.S.S.G. 3B1.1.
 
 
 20
 As a preliminary matter, Woods incorrectly argues that the government's evidence must be limited to the conduct for which the defendant was convicted. The sentencing guidelines commentary states: "The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of 1B1.3 (Relevant Conduct) ... and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. Ch.3, Pt.B, intro. comment. Relevant conduct includes all acts committed or aided by the defendant and, in the case of a jointly undertaken activity, all reasonably foreseeable acts of others in furtherance of the activity. U.S.S.G. 1B1.3(a)(1); United States v. Mondaine, 956 F.2d 939, 943 n. 2 (10th Cir.1992).
 
 
 21
 Woods' designation as a "leader" rested on hearsay testimony given by Hudson at sentencing, as well as Woods' own admission that he arranged, participated in and received money for drug sales. Presentence reports may rest on hearsay evidence. Gregg v. United States, 394 U.S. 489, 492 (1969). Hudson testified that Tiffernie Carroll brought 3 ounces of cocaine to Great Bend at Woods' request, and that Hudson himself sold the cocaine according to Woods' directions as to price and quantity. Section 3B1.1(c)'s leadership requirement is satisfied upon a showing "that the defendant exercised any degree of direction or control over someone subordinate to him in the distribution scheme." United States v. Baez-Acuna, 54 F.3d 634, 639 (10th Cir.1995) (quoting United States v. Backas, 901 F.2d 1528, 1530 (10th Cir.), cert. denied, 498 U.S. 870 (1990). Based on Hudson's testimony as well as Woods' own admissions, we affirm the sentencing court's finding that Woods played a leadership role.
 
 B. Criminal History Category
 
 22
 Woods challenges the district court's setting of his criminal history category at III on two grounds. The first involves Woods' prior sentence for armed robbery. Woods was released from that sentence on April 18, 1991, and arrested for the present offense on April 17, 1993. If the defendant committed the instant offense less than two years after being released from prison for another sentence of at least sixty days, it calls for a two-point addition. U.S.S.G. 4A1.1(e). Despite Woods' claim to the contrary, this offense occurred just before the two-year mark, meriting the two-point addition.
 
 
 23
 The second ground on which Woods seeks a reduction in his criminal history category is that the armed robbery offense mentioned above was committed when defendant was 20, and that he was convicted by a 10-2 jury vote. The sentencing guidelines do not provide for leniency on either ground. Therefore, the district court did not commit clear error.
 
 C. Rule 32(c)(1) Violation
 
 24
 Rule 32 mandates that, at a sentencing hearing, the court must give both sides the opportunity to comment on any sentencing matters, and rule on any objections that the parties have raised. Fed.R.Crim.P. 32(c)(1) (formerly 32(c)(3)(D)). Further,
 
 
 25
 [f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.
 
 
 26
 Id. (emphasis added). Although appending the court's findings to the presentence report is purely a ministerial matter, it serves as a safeguard against the " 'manifest unfairness to a defendant if false or unreliable information is relied upon by the ... Bureau of Prisons or the Parole commission' " in their custody and parole determinations. United States v. Wach, 907 F.2d 1038, 1041 (10th Cir.1990), quoting United States v. Kerr, 876 F.2d 1440, 1445 (9th Cir.1989).
 
 
 27
 If the record shows that the sentencing judge may have relied on controverted matters without making its own finding on that controversy, resentencing is appropriate. Wach, 907 F.2d at 1041. However, where the court did not rely on the disputed facts or did in fact resolve the dispute, but failed to append its findings to the presentence report, then the proper remedy is merely to remand for attachment of the record required by Rule 32(c)(1). Id.
 
 
 28
 Here, the district court made all the findings required by 32(c)(1), but it did not properly append a record of those findings to the presentence report. The court did attach an addendum to the report. However, the addendum merely lists each objection, the government's response, and the probation officer's recommendation, along with a space which reads, "The Court Finds:," followed by several blank lines.
 
 
 29
 The court apparently intended to record its findings in the appendix. Its failure to comply with Rule 32(c)(1) could adversely affect later findings relating to Woods' custody and parole. We remand for the limited purpose of allowing the district court to attach the proper record.
 
 III. COUNSEL'S ANDERS MOTION
 
 30
 Woods' counsel, Michael Holland, moved to withdraw from this case on the grounds that his client's case is frivolous. See Anders v. State of California, 386 U.S. 738 (1967). Because we find that Woods' Rule 32 claim has merit, we deny counsel's motion.
 
 CONCLUSION
 
 31
 We REMAND Appeal No. 95-3017 for the limited purpose of allowing the district court to attach the proper record under Fed.R.Crim.P. 32(c)(1), and therefore DENY counsel's Anders motion. We AFFIRM the district court's findings on the remainder of Woods' claims, and we also AFFIRM on all of Hudson's claims.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Because the two cases arise out of the same set of facts we address both in this order and judgment. While we heard oral argument on No. 94-3338, after examining the briefs and appellate record, we have determined unanimously that oral argument would not significantly assist the determination of No. 95-3017. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. That case is therefore ordered submitted without oral argument