**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GLENIS LANORE WILSON,

Defendant-Appellant.

No. 98-6163
(D.C. CR-97-191-R)
(Western District of Oklahoma)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

Glenis Lanore Wilson pleaded guilty to bank fraud, in violation of 18

U.S.C. § 1344(2), but appeals her fifteen month sentence, contending only that

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court erred in denying her a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We affirm.

On October 29, 1997, Ms. Wilson was arrested for her participation in a bank fraud scheme. She immediately confessed to her involvement and provided information on other criminal participants, but minimized her own role. At her plea hearing and subsequent debriefing, in order to protect a relative, she falsely identified a co-participant. Later at the same debriefing, she renounced her earlier statements and correctly identified the co-participant. At sentencing, the district court imposed a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 because of Ms. Wilson's earlier false statements.

Ms. Wilson argues that the district court erred in failing to grant her a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Acceptance of responsibility is a factual determination reviewed for clear error. See United States v. Hawley, 93 F.3d 682, 689 (10th Cir. 1996). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1 cmt. n. 5.

Ordinarily, a defendant who has been assessed an upward adjustment for obstruction of justice may not simultaneously receive a downward adjustment for acceptance of responsibility. See U.S.S.G. § 3E1.1 cmt. n. 4. Ms. Wilson

nevertheless contends that her situation qualifies as an "extraordinary case" exception to the ordinary rule, in which the district court might grant simultaneous adjustments. See id. ("There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1. and 3E1.1 may apply."). She argues that her immediate confession, her cooperation regarding her co-participants, and her ultimate correct identification of all co-participants demonstrate her acceptance of responsibility.

Under the deferential standard, however, we do not believe the district court erred in refusing to find that Ms. Wilson's situation presented an "extraordinary" case. The district court's determination of whether a defendant has accepted responsibility should not be disturbed "unless it is without foundation." United States v. Amos, 984 F.2d 1067, 1071-72 (10th Cir. 1993). In determining whether a case is extraordinary, the court may consider whether the defendant's obstructive conduct is "inconsistent" with her acceptance of responsibility. See United States v. Hopper, 27 F.3d 378, 383 (9th Cir. 1994). The district court, in denying the downward adjustment, expressly considered that Ms. Wilson initially minimized her involvement and that she continued to provide false information to the court and the prosecutor even after pleading guilty. See Rec. vol. IV, at 6-7 (Transcript of Sentencing Hr'g held March 26, 1998). This behavior, inconsistent with acceptance of responsibility, presents a

3

sufficient foundation for the court's denial of Ms. Wilson's request for downward adjustment. <u>See, e.g.</u>, <u>United States v. Tovar</u>, 27 F.3d 497, 499 (10th Cir. 1994) ("[D]istrict court did not clearly err in refusing to reduce [defendant's] offense level for acceptance of responsibility" when defendant "obstructed justice by misrepresenting his age in his motion to dismiss" the indictment, although he later pleaded guilty).

Accordingly, we cannot conclude that the district court's refusal to grant a downward adjustment was clearly erroneous.

We therefore AFFIRM the sentence imposed by the district court.

Entered for the Court,


Robert H. Henry
Circuit Judge