F I L E D
United States Court of Appeals
Tenth Circuit

FEB 9 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GARY L. GAINES,

    Defendant-Appellant.

No. 03-7072

(D.C. No. 02-CR-63-P)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Defendant Gary L. Gaines appeals the sentence imposed after his plea of guilty to

aggravated sexual abuse of a child on Indian land, 18 U.S.C. §§ 2241(c), 2246.  We

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court sentenced Gaines to a term of imprisonment of 168 months, followed by 60 months of supervised release. The sentence was at the high end of the guideline range and was based on an offense level of 33 and a Category I criminal history. The sole question on appeal is whether the district court erred in not reducing Gaines' offense level by three points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b)(2). The result of this adjustment would have been a sentencing range of 97-121 months.[1]

The presentence report prepared after Gaines entered his guilty plea recommended a three-point reduction in offense level for acceptance of responsibility. The government did not object to the presentence report. Based on Gaines' statements at the sentencing hearing, however, the district court found that he had not accepted responsibility. During his allocution, Gaines stated:

> I agree with the horribility [sic] of this crime. This is absolutely the most horrible crime that I ever imagine anybody doing, and I'm very sorry for what did happen.
> The reason that I was wanting a psychiatric evaluation was to determine my mental health at the time of this accident because I have some glands that are shut down in my head and I was hit when I was working on building that car wash right next door to where we were staying.

ROA, Vol. III at 48-49. At this point, Gaines had an off-the-record discussion with his

---

[1] "Adjustments are changes to the total offense level calculated under the guidelines, while a departure is a sentence imposed outside the designated guideline range." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992).

attorney. He then continued:

> I just . . . he told me if I kept continuing on with the way I was going that you might find that I was not accepting responsibility for what had happened and you might add some more points onto it, but – and there has been several situations in this case that I have not been comfortable with this – with his counsel.
> I just believe that I have had some things that go wrong in my head that – I normally do things, but at the same time I would not do them normally. For instance, I was hit in the head when I was on that construction site and I had a CAT scan after I – several years later and they said – I mean, I had a CAT scan and they said, before this accident happened in the construction site, that if I got hit in the head that I could do things that I normally wouldn't do.

Id. at 49-50. The district court asked Gaines if he wanted to request a withdrawal of his plea and/or different counsel. After speaking with his attorney, Gaines informed the court that he was satisfied with his attorney and that he did not seek withdrawal of his plea. The court found that Gaines had not accepted responsibility and, therefore, was not entitled to a reduction under § 3E1.1.

Gaines argues his statements at sentencing were akin to a request for a "diminished capacity departure" and, according to Gaines, were not inconsistent with acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment of offense level for acceptance of responsibility as a matter of right. See U.S.S.G. § 3E1.1, application n.3. Gaines had the burden to prove by a preponderance of the evidence that he had accepted responsibility. See United States v. Spedalieri, 910 F.2d 707, 712 (10th Cir. 1990). Acceptance of responsibility is a factual question and our review of the court's determination is limited to clear error. See United States v. Hawley, 93 F.3d 682,

3

689 (10th Cir. 1996). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, application n.5. The district court is "in a better position than the appellate court to weigh the defendant's sincerity of remorse and contrition." United States v. Ochoa-Fabian, 935 F.2d 1139, 1143 (10th Cir. 1991). "Because of our deference to the trial court's assessment of credibility and the clearly erroneous standard we apply, the judgment of the district court on this issue is nearly always sustained." United States v. Whitehead, 912 F.2d 448, 451 (10th Cir. 1990).

We are not persuaded that the district court committed clear error in refusing to adjust Gaines' offense level downward for acceptance of responsibility. Gaines' statements at sentencing were more in the nature of an attempt to mitigate his conduct than an acceptance of full responsibility or an expression of remorse for his conduct.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4