**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 16, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

JOSE RUBEN RODRIGUEZ-PARRA,
a/k/a Sergio Perez-Cordova,

 Defendant - Appellant.

No. 24-6099
(D.C. No. 5:24-CR-00020-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **EID**, Circuit Judges.
_____

Jose Ruben Rodriguez-Parra, a citizen of Mexico, pleaded guilty to one count of illegally reentering the United States after removal. The district court sentenced him to thirty-three months' imprisonment—above the guideline range of eighteen to twenty-four months—based in part upon Rodriguez-Parra's belligerent conduct during his arrest and subsequent medical evaluation that was detailed in his presentence report ("PSR"). Rodriguez-Parra now appeals his sentence, arguing the district court erred by adopting the facts set forth in the PSR even though he made statements during his allocution contradicting several of those facts.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We hold that Rodriguez-Parra's ambiguous and last-second statements failed to properly object to the district court's adoption of the PSR's factual findings. Accordingly, we affirm the district court's sentence.

## I.

According to the PSR, on December 28, 2023, Rodriguez-Parra struck at least four other vehicles and damaged a fence in a car accident.[1] He proceeded to flee the scene. Responding officers from the Oklahoma City Police Department observed Rodriguez-Parra, who was stumbling and appeared to have urinated on himself, walking away from accident. Officers placed him in their patrol car and transported him to a nearby medical center for a blood draw and medical treatment. At the medical center, Rodriguez-Parra lunged at and attempted to bite an officer, kicked the officer and a medical staff member in the chest, and threatened to send the officer "to hell to see the devil."[2] R. Vol. II at 24. After being subdued, Rodriguez-Parra was transferred to the Oklahoma County Jail.

While Rodriguez-Parra was in custody, immigration officers determined that he was not a citizen of the United States and did not have authorization to be present in the United States. They also learned that he had been involuntarily removed from the United States on five previous occasions, as well as voluntarily removing two

---

[1] As detailed below, Rodriguez-Parra disputed hitting any other vehicles during his allocution, though he admitted to driving onto the sidewalk and hitting a fence while under the influence of sleeping pills.

[2] Rodriguez-Parra similarly appeared to dispute this portion of the PSR during his allocution by stating he "was never disrespectful towards [police officers]." R. Vol. III at 33.

additional times.  A grand jury subsequently returned an indictment charging

Rodriguez-Parra with illegal reentry after removal, in violation of 8 U.S.C. § 1326(a).

Rodriguez-Parra proceeded to plead guilty on March 11, 2024.

Following his guilty plea, the Probation Office issued a PSR outlining the

details of the accident along with Rodriguez-Parra's criminal history in the United

States.  The PSR established his offense level at thirteen and his criminal history

score at six,[3] which resulted in a criminal history category of III.  Based on this

information, the PSR calculated a guideline range of eighteen to twenty-four months'

imprisonment.  Highlighting Rodriguez-Parra's "history of continued reentry and the

concerning details of his initial arrest," the PSR suggested an upward variance might

be warranted.  *Id.* at 33–34.

At the ensuing sentencing hearing, the district court—after noting no

objections to the PSR—adopted the PSR's factual findings.  It then asked the parties

to discuss whether Rodriguez-Parra's conduct during the arrest "differentiates this

case from his previous, arguably more routine, convictions for unlawful re-entry."  R.

Vol. III at 22.  After hearing from the government and defense counsel, the court

invited Rodriguez-Parra to the lectern to share any final thoughts with the court.

Using a translator, Rodriguez-Parra stated:

> I do want to clarify that I had an appointment set three days earlier to go
> see a doctor because I had trouble sleeping.  I had not been able to sleep
> for three days.  But my sister gave me sleeping pills, and I took about four

---

[3] Rodriguez-Parra's prior criminal history includes a 1995 drug offense, two prior convictions for illegal reentry, and a 2015 deferred judgment in Oklahoma for indecent exposure.

of them.  And I was on my way to the hospital because I was feeling very bad.  About assaulting the police officers, I never—I was never disrespectful towards them.  I didn't have beer or wine or anything in my car.  I never hit the cars.  When I—when I actually hit something, it was the sidewalk, and then I hit the fence.  But I did not hit any cars.

*Id.* at 33.  Shortly thereafter, defense counsel interrupted Rodriguez-Parra and asked the court to allow a brief conversation between him and his client.  Following a short break, the proceeding resumed, and defense counsel asked the court to "entertain" any further statements made by Rodriguez-Parra.  *Id.* at 34.  The court then had the following brief exchange with the parties:

> The Court:  Do you have anything further to say to the Court?
>
> The Defendant:  Well, no.  Well, I just await your sentence.  That's all.
>
> The Court:  You may be seated.  Does either side have any procedural objection to the sentencing proceedings to this point or any reason that I should not now state the reasons for the sentence to be imposed and then proceed to impose the sentence?  What says the government?
>
> [The Government]:  No, Your Honor.
>
> The Court:  What says the defendant?
>
> [Defense Counsel]:  No, Your Honor.

*Id.*

The court proceeded to impose a sentence of thirty-three months' imprisonment.  The court found that "Mr. Rodriguez[-Parra]'s contacts with law enforcement and medical personnel" following his arrest made the offense "noticeably more egregious."  *Id.* at 36.  It also briefly noted Rodriguez-Parra's comments during his allocution:  "Mr. Rodriguez[-Parra] has directly made some statements to the Court that are directly contrary to the presentence report and are

4

also wildly implausible.  And that certainly does not advance Mr. Rodriguez[-Parra]'s cause for sentencing purposes." *Id.* at 35.

After providing a statement of reasons for the sentence, the court asked the parties whether there was "any [ ] reason, procedural or otherwise, that [the] sentence should not be imposed." *Id.* at 38.  Both the government and defense counsel confirmed they had no objection. *Id.* at 39.  Finally, after formally announcing the sentence, the court further confirmed that neither side had "any procedural objections to these sentencing proceedings," *id.*, to which defense counsel responded, "No, Your Honor," *id.* at 40.

Rodriguez-Parra now appeals his sentence, arguing the district court procedurally erred by adopting the PSR's factual findings despite his allocution statements that contradicted several of those findings.[4]

## II.

"When a party challenges a sentence for procedural reasonableness, our standard of review is ordinarily abuse of discretion, under which we review de novo the district court's legal conclusions . . . and review its factual findings for clear error." *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012).  But when a defendant fails to object to any procedural flaws, we review only for plain error. *See United States v. Jackson*, 82 F.4th 943, 949 (10th Cir. 2023).  Further, when a

---

[4] Rodriguez-Parra also initially challenged the district court's application of U.S. Sentencing Guideline § 2L1.2(b)(3)(D).  However, he withdrew that claim in his reply brief.  Accordingly, we do not address this issue.

defendant "fails to preserve an issue [below] and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived (rather than merely forfeited) and decline to review the issue at all." *United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019).

## A.

Consistent with Federal Rule of Criminal Procedure 32(i)(3), "the district court may rely on facts stated in the [PSR] unless the defendant has objected to them." *United States v. McDonald*, 43 F.4th 1090, 1095 (10th Cir. 2022) (quotation marks omitted) (quoting *United States v. Harrison*, 743 F.3d 760, 763 (10th Cir. 2014)). If a defendant properly objects, "the government must prove [the disputed] fact at a sentencing hearing by a preponderance of the evidence." *United States v. Conley*, 89 F.4th 815, 821 (10th Cir. 2023) (quotation marks omitted) (quoting *United States v. Barnett*, 828 F.3d 1189, 1192 (10th Cir. 2016)).

Any objections to the PSR should be made in writing within fourteen days after receiving the report. Fed. R. Crim. P. 32(f)(1); *see also Harrison*, 743 F.3d at 762 ("[A] district court need not consider a factual objection to the PSR that was not timely raised before the sentencing hearing."). Nonetheless, district courts retain the discretion to consider untimely objections made prior to the imposition of a sentence, provided there is good cause. Fed. R. Crim. P. 32(i)(1)(D). This can include untimely "pro se objections raised by represented defendants." *Harrison*, 743 F.3d at 762.

However, to preserve a claim of error on appeal, a defendant must have "adequately alerted" the district court to the issue. *Id.* Otherwise, without a definite-enough objection, the district court is "deprived of the opportunity to correct its action in the first instance." *Id.* (quotation marks omitted) (quoting *United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009)). This requires raising "*specific allegations* of factual inaccuracy" rather than merely challenging "the ultimate conclusions in the PSR." *Conley*, 89 F.4th at 821 (emphasis in original) (cleaned up). Further, "a vague or ambiguous objection is insufficient to preserve an issue." *United States v. Tenorio-Viafara*, No. 24-2003, 2024 WL 3272236, at *2 (10th Cir. July 2, 2024) (unpublished) (citing *United States v. Ansberry*, 976 F.3d 1108, 1125 (10th Cir. 2020)).

**B.**

Applying these principles to Rodriguez-Parra's allocution, we find that he failed to preserve his claim that the district court erred in adopting the PSR's factual findings.

Critically, Rodriguez-Parra never formally objected to the PSR despite repeated opportunities to do so. First, it is undisputed that Rodriguez-Parra did not file written objections to the PSR before his sentencing hearing. Second, no objection was raised during the sentencing hearing when the court initially adopted the PSR. Third, and fatally, defense counsel did not object to proceeding with sentencing after Rodriguez-Parra's allocution, even after the court asked the parties

7

on *three separate occasions* whether there were any objections—procedural or otherwise—to the proceedings.

Nevertheless, Rodriguez-Parra argues that his allocution was recognized as an objection to the PSR by the district court, triggering a fact-finding obligation. In particular, Rodriguez-Parra points to the district court's acknowledgement that his allocution statements were "directly contrary to the presentence report" and "wildly implausible." Reply Br. at 3 (quotation marks omitted) (quoting R. Vol. III at 35). On Rodriguez-Parra's view, these statements show that the district court exercised its discretion to consider his untimely pro se objection, before improperly resolving the dispute in favor of the PSR without putting an evidentiary burden on the government.

We disagree. Consistent with our recent holding in *Tenorio-Viafara*,[5] we find the district court did not understand Rodriguez-Parra's allocution statements to constitute an objection to the PSR. The district court did not, for example, ask for clarification of Rodriguez-Parra's prior denial of an objection to the PSR. *See Tenorio-Viafara*, 2024 WL 3272236, at *2. Additionally, unlike the facts of *United States v. Harrison*—where we held a pro se statement by the defendant adequately preserved an objection to the PSR—Rodriguez-Parra's statements came during his allocution rather than prior to the court's adoption of the PSR. *See* 743 F.3d at 762–63. Further, any ambiguity regarding the function of Rodriguez-Parra's allocution

---

[5] Although *Tenorio-Viafara* is unpublished and therefore not precedential, we find its analysis of this issue persuasive and cite it for that purpose. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

statements dissipated when defense counsel disclaimed "any procedural objection to the sentencing proceedings to this point" immediately following the allocution. R. Vol. III at 34.

In context, we instead read the district court's statements to sound in acceptance of responsibility considerations. *See* U.S. Sent'g Guidelines Manual § 3E1.1 (U.S. Sent'g Comm'n 2025); *id.* cmt. n.1(A) ("A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."). While the court did not disturb its earlier adoption of the PSR's sentencing range—which included reductions for Rodriguez-Parra's acceptance of responsibility—it did state that Rodriguez-Parra's "wildly implausible" allocution statements "do[] not advance [his] cause for sentencing purposes." R. Vol. III at 35. We read this statement as questioning whether Rodriguez-Parra truly accepted responsibility for his belligerent conduct following his arrest. *Cf. United States v. Gaines*, 87 F. App'x 145, 146–47 (10th Cir. 2004) (unpublished) (affirming the district court's denial of an acceptance of responsibility reduction, which had been recommended in the PSR, based on the defendant's allocution blaming his mental health problems for his actions).

In so holding, however, we reject the government's suggestion in its brief that *Harrison* requires a defendant to interject "when defense counsel told the court they had no objections to the PSR" in order to preserve his objection. Aple. Br. at 21 (quotation marks omitted) (quoting *Tenorio-Viafara*, 2024 WL 3272236, at *2); *see also id.* at 22 ("If . . . Mr. Rodriguez-Parra still maintained an objection, he should

9

have made it [when the district court inquired about the factual findings in the PSR].").  Instead, we reiterate our holding in *Harrison*—the relevant inquiry is whether the defendant "adequately alerted [the district court] to the issue."  743 F.3d at 763.  While the timing of a given pro se statement may well affect the district court's understanding of its force, we refuse to impose a categorical timing rule.

In sum, Rodriguez-Parra's allocution failed to adequately alert the district court that he was objecting to the PSR.  Accordingly, we find that Rodriguez-Parra did not preserve his claim that the district court erred in adopting the PSR's factual findings on appeal.

### C.

Since Rodriguez-Parra failed to preserve his procedural objection below, we would ordinarily limit our continued analysis of his claim to plain-error review.  *See Leffler*, 942 F.3d at 1196.  However, since Rodriguez-Parra has "also fail[ed] to make a plain-error argument on appeal," we deem the issue waived "and decline to review the issue at all—for plain error or otherwise."  *Id.*[6]

---

[6] Because we find that Rodriguez-Parra failed to preserve his claim and plain-error was not argued on appeal, we need not address the government's contention that Rodriguez-Parra waived his objection to the PSR by choosing to "desist in his objection" following his counsel's interjection.  Aple. Br. at 24.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court and

DENY Rodriguez-Parra's motion to expedite as MOOT.

Entered for the Court

Allison H. Eid
Circuit Judge